John E. RUSSELL, Plaintiff-Respondent,

v.

ST. LOUIS COUNTY CAB COMPANY, INC., and Theodore West, Defendants-Appellants.

No. 34711.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 27, 1973.

Motion for Rehearing or Transfer Denied April 6, 1973.

Murphy & Schlapprizzi, St. Louis, for defendants-appellants.

Tremayne, Lay & Carr, Clayton, for plaintiff-respondent.

WEIER, Judge.

The principal issue in this case is: can a taxicab driver be guilty of humanitarian negligence in closing a taxicab door upon the hand of his passenger? Under the facts of this case, the answer must be "no". We therefore reverse and remand for new trial.

The incident took place at the upper level ramp of Lambert St. Louis International Airport in St. Louis County, Missouri. Plaintiff John E. Russell was a passenger sitting in the left rear seat of the taxicab when he arrived at the airport. He had experienced some pain in his back which made it difficult for him to arise from the back seat without some assistance. When defendant Theodore West, the taxicab driver, opened the back door for plaintiff to step out of the cab, Mr. Russell seized the post of the cab between the doors on the driver's side with his right hand, both doors being open at that time. Plaintiff looked down to the pavement to see where he was stepping; then as he pulled himself up and stepped down and as his foot hit the ground the front door slammed and his fingers on his right hand were mashed. The middle finger required amputation at the distal joint and the injury has caused permanent impairment of movement. Apparently no one saw the door close and the driver denied closing it. The evidence tending to refute the possibility of an accidental closing included facts that there was little or no wind and the car was sitting on a slight incline from the curb to the center of the road where the drain was located.

After the evidence was submitted to the jury, the court, at the request of plaintiff, gave two verdict directing instructions. One was based upon humanitarian negligence and the other upon primary negligence of closing the front door of the taxicab without looking to see whether plaintiff's hand was around the door post before closing the door or failing to warn plaintiff that he was about to close the door. The verdict was returned in favor of plaintiff and against both defendants in the amount

of $4,250.00. We first address ourselves to the contention that the humanitarian theory was not applicable to the factual situation presented here.

■ Defendants contend that the plaintiff was never in a position of immediate danger (imminent peril before M.A.I.) which is the first requisite to place the case within the ambit of the humanitarian doctrine. Banks v. Morris & Co., 302 Mo. 254, 257 S.W. 482, 484. In order for the humanitarian rule to be applicable to a plaintiff's case there must be substantial evidence placing the plaintiff in a position of immediate danger. Such danger must be certain, immediate, and impending. It may not be remote, uncertain or contingent. A bare possibility of injury is not in itself sufficient to create the immediate danger essential to the application of the humanitarian doctrine. Stated in a different way: "The position of immediate danger of being injured referred to in the humanitarian rule 'is that position of danger to the plaintiff, whether or not plaintiff was negligent in getting there, in which by reason of the then existing circumstances, *if unchanged*, injury to him is reasonably certain and not a mere possibility *contingent on some other occurrence.* * * *'" Clifton v. Crider, Mo., 486 S.W.2d 274, 277. (Italics are the court's.) This definition contemplates that there must be some inexorable circumstance, situation or agency bearing down on the plaintiff with a reasonable probability of injury, prior to the negligent act of the defendant. McClanahan v. St. Louis Public Service Co., 363 Mo. en banc 500, 251 S.W.2d 704, 707 [2, 3]. It is true that plaintiff here was in a precarious position, one fraught with perilous possibilities when he placed his hand on the door post, but something would have to happen other than that which was then happening before the injury would befall the plaintiff. The door would have to close upon his hand. Before the door was closed there might have been a possibility that the plaintiff would be injured, but his danger was not then certain, immediate and pend-

ing. He would not have been in a position of immediate danger as contemplated by the humanitarian rule until the defendant driver took some action to close the door. There was then no time for the driver to take any counter action to avoid the injury after the danger became immediate. The record is void of any proof and we cannot believe that any evidence can be adduced which would sustain a finding that the driver, after pushing the door, could then by affirmative action prevent or avoid the injury to plaintiff's hand. Plaintiff correctly states that when and where a person comes in a position of immediate danger is a question for the jury. Williams v. Funke, Mo.App., 428 S.W.2d 11, 16 [6]. But there must be substantial evidence upon which the jury may base such a determination, and a humanitarian case which leaves one or more of the essential elements to guesswork, speculation, or conjecture is not for the jury. Farnham v. Boone, Mo., 431 S.W.2d 154, 156 [2].

Because plaintiff failed to make a submissible humanitarian negligence case, it was of course error to submit the plaintiff's humanitarian negligence instruction to the jury. However, before final determination we must dispose of other points raised by defendants which, if their contentions were valid, would either finally rule the case or, upon retrial, present themselves again.

■ First we consider the contention that plaintiff was negligent as a matter of law for intentionally placing his hand on the door post while fully appreciating the danger of injury if the door would close against his fingers. There has been so much written in this area that we consider it a needless waste of time to summarize all of the holdings other than to briefly state the rule. The issue of contributory negligence is always for the jury unless, from the whole evidence and all inferences fairly deducible therefrom, when viewed in the light most favorable to the plaintiff, the only reasonable conclusion is that plaintiff was guilty of negligence proximately causing his injury. Moore v. Ready Mixed

Concrete Co., Mo., 329 S.W.2d 14, 19 [1]. But when reasonable minds can differ on the question of the plaintiff's contributory negligence, then the issue of contributory negligence is an issue for the jury. White v. Burkeybile, Mo., 386 S.W.2d 418, 424. We are not impressed with appellants' citations of authorities such as Coleman v. Buehner, Mo.App., 444 S.W.2d 16, where plaintiff, fully aware of the dangers of a meat grinder, having had experience in operating one, suffered injury to his hand when he inserted the hand into the machine without turning it off. Here Mr. Russell told defendant driver when he boarded the cab that the driver must be patient because he had a bad back and had to be careful getting into the cab. In getting into the cab at that time, plaintiff took hold of the post between the doors to let himself back into the seat of the cab. The condition of his back was made known to the driver at that time. Again when plaintiff started to get out of the cab, while the driver was standing at the open door looking toward him, Russell used the same procedure to lift himself up by grasping the center post. Under these facts and circumstances we cannot say that Russell was contributorially negligent as a matter of law. Walker v. Massey, Mo.App., 417 S.W.2d 14, 25 [15]; Lynch v. Hill, Mo., 443 S.W.2d 812, 815 [2].

■ Defendants also maintain that plaintiff failed to make a submissible case on the theory that the only direct evidence on the issue as to whether defendant cab driver closed the door was the cab driver's denial of this act. It is true that the plaintiff did not see defendant driver in the act of closing the door. On the other hand, the evidence indicated that the cab was stopped at a place where there was an incline from the curb to the center of the road with the implication that the left side from whence plaintiff was about to depart was lower than the right side, thus eliminating the force of gravity as a cause for the door to close on his hand. There was no wind which would blow the door shut. When

plaintiff started to alight from the cab, he moved carefully and did not rock the cab. Defendant driver was standing at the edge of the front door and was in easy reach of the doors on the left side of the cab. The driver was facing plaintiff and looking at him after he had opened the rear door on plaintiff's side and while plaintiff was alighting. The question as to whether the defendant driver slammed the door on plaintiff's hand was a question for the jury. The jury was not bound by the testimony of the cab driver but could accept the circumstantial evidence relating to the issue of whether the driver closed the door. A well connected train of circumstances is as cogent and compelling evidence of the existence of a fact as is the array of direct evidence and may outweigh opposing direct testimony. It is well established law that a case may be proved by circumstantial evidence alone. Schneider v. Prentzler, Mo., 391 S.W.2d 307, 309 [1, 2].

On the question as to whether the plaintiff made a submissible case against the defendants with circumstantial evidence, we again review the facts as to the nature of the relationship between plaintiff and the defendants. Plaintiff was injured when he was getting out of a taxicab owned by the defendant taxicab company and operated by the defendant driver. As a carrier for hire, the cab company and its driver owed its plaintiff passenger a duty to exercise the highest degree of care. This degree of care required of a carrier for a passenger's safety remains as high while the passenger is leaving the vehicle as it is while the vehicle is in transit. Lacks v. Wells, 329 Mo. 327, 44 S.W.2d 154, 156; Lanham v. St. Louis Public Service Co., Mo.App., 360 S.W.2d 243, 245 [4]. This duty has been construed to require that the operator of a bus see and know that an alighting passenger has not only alighted safely but that he is not in a position or situation so as to be in peril by the starting up of the bus. Mayor v. St. Louis Public Service Co., Mo., 269 S.W.2d

101, 105 [2]. In Weber v. St. Louis Public Service Co., Mo.App., 232 S.W.2d 209, a carrier was held to be negligent when plaintiff was in some manner caught by the closing doors of the bus and she was pulled along after the bus started up. In another case where the circumstances were almost identical to the instant case, the court came to the conclusion that there was ample evidence to go to the jury on the question of defendant's negligence. There the plaintiff passenger started to step out of the bus after the driver had opened the door in order to allow another passenger to descend. That passenger, however, left the bus on the other side. Plaintiff had placed her hand on the door frame and the bus driver closed the door on her hand. Not only did the court find that there was sufficient negligence on the part of defendant to go to the jury, but also denied defendant's contention that the plaintiff passenger was guilty of contributory negligence as a matter of law in placing her hand on the door frame in attempting to get out. Sanders v. Harvey, Mo.App., 152 S.W.2d 214. In the case before us, defendant driver was under an obligation to see whether plaintiff was clear of the door before it was closed. He also had a duty to warn that he was going to close the door where plaintiff might be expected to place his hand or some part of his body in a position where it might be injured by the closing door.

The defendants also take the plaintiff to task for submitting his theory of primary negligence to the jury in the following instruction:

"INSTRUCTION NO. 3

"Your verdict must be for Plaintiff if you believe:

"First, Defendant West closed the front door of the taxicab he was driving on Plaintiff's fingers, and

"Second, said Defendant did so without looking to see whether Plaintiff's hand was around the door post before closing

said door or said Defendant failed to warn Plaintiff that he was about to close said door, and

"Third, said Defendant's conduct in either of the respects submitted in paragraph Second was negligent, and

"Fourth, As a direct result of such negligence, Plaintiff sustained damage.

"Unless you believe Plaintiff is not entitled to recover by reason of Instruction number 6."

The principal thrust of the argument in support of this contention is based upon the fact that the plaintiff failed to follow M.A.I. Instructions 17.04, in its hypothesis that the defendant "knew or could have known that danger was reasonably apparent", and 17.05, in submitting failure to maintain a lookout for the plaintiff's hand. These instructions are in the chapter having to do with the operation of motor vehicles and would not be applicable to the facts of this case. Since it appears that there is no M.A.I. instruction applicable, counsel must rely upon Rule 70.01(e), V.A.M.R., which requires that such instructions not in M.A.I. shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts. A reading of the instruction given seems to follow the requirements of this rule. Upon the retrial of the case, counsel for plaintiff will of course be guided by the rule and if the evidence remains substantially the same at the second trial, we see no reason why a similar instruction may not be given absent the publication of an approved M.A.I. instruction in the meantime which might be applicable to the facts of this case.

Since there was no contention of error in the admission of evidence concerning injury or in the damage instruction which resulted in the award of $4,250.00, it will not be necessary to retry the case as to the issue of damages. We therefore reverse the judgment as to the issue of liability only and remand with instructions to retry the case as to that issue alone.

DOWD, C. J., and CLEMENS and McMILLIAN, JJ., concur.