**John P. CURRAN, Jr., and Mabel Curran, his wife, Plaintiffs-Respondents,**

**v.**

**BI-STATE DEVELOPMENT AGENCY, Defendant-Appellant.**

**No. 35771.**

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 25, 1975.

Rehearing Denied April 14, 1975.

Boas, Schneider & Walsh, John A. Walsh, Jr., St. Louis, for defendant-appellant.

Nichols, O'Shea & Hayes, Thomas M. O'Shea, St. Louis, for plaintiffs-respondents.

WEIER, Judge.

John and Mabel Curran brought suit against Bi-State Development Agency for damages. Their cause of action as submitted to the jury charged defendant Bi-State with primary and humanitarian negligence in the operation of a bus causing personal injuries to John Curran. Verdict and judgment were rendered in favor of John Curran for $16,000.00 and in favor of his wife Mabel for $4,000.00 on her claim for loss of consortium. Bi-State has appealed.

On appeal defendant contends that the trial court erred by giving plaintiffs' verdict-directing instruction hypothesizing humanitarian negligence on failure of defendant to stop or swerve. Defendant urges that there was no evidentiary support for the submission of failure to swerve. This is based on the assertion that there was no evidence that defendant could have avoided the collision by swerving, with the means available. Plaintiffs, on the other hand, contend that substantial evidence was introduced from which to draw a reasonable inference that defendant could have avoided the collision by swerving under the humanitarian doctrine.

Five witnesses, one of them plaintiff, testified to five different versions of the incident which gave rise to this case. Despite the variance in the testimony given by plaintiff and his witnesses, there was one theme common to all. It was uncontroverted that defendant's bus started up from a stopped position and either struck plaintiff while he was standing not more than four feet in front of the bus or while he was standing at or near the front door on the right side of the bus. All of the versions indicated that the driver of the bus had swerved, either away from plaintiff to the bus's left side or into plaintiff when it made a turn to the right, or both. But this situation, so presented, is not one upon which a humanitarian case may be predicated. In cases involving a vehicle starting up from a stopped position and thereafter coming into collision with a person or object nearby after being in motion for but a very short time, the position of immediate danger is not so certain, immediate and impending for a sufficient length of time that the humanitarian doctrine can be applied. Thus, in Smith v. Siedhoff, 209 S.W.2d 233, 237[4] (Mo. banc 1948) the vehicle had moved from a stopped position at most a very few feet at a very low speed before the collision occurred which caused injury to plaintiff. The driver did swerve. But it was determined that no causal connection could be made between failure to swerve and the injury under the humanitarian rule. In Edelen v. St. Louis Public Service Company, 279 S.W.2d 188, 190 (Mo.App.1955) a starting up by a bus driver and subsequent collision with a pedestrian was not within the humanitarian doctrine but rather it was primary negligence, or willful, wanton and reckless conduct. There the act of starting a vehicle forward from a stopped position did not place the person injured in a position of imminent peril within the meaning of the humanitarian doctrine. It may be

that the wrongful act or conduct of the offending driver may have brought the injured person into imminent peril, but where the imminent peril or immediate danger arises only because of something defendant is about to do, and when the act or conduct results in immediate injury to plaintiff, the case should be submitted upon a theory of primary negligence, not upon the humanitarian rule. McClanahan v. St. Louis Public Service Co., 363 Mo. 500, 251 S.W.2d 704, 706[1] (banc 1952). The definition of immediate danger contemplates that there must be some inexorable circumstance, situation or agency bearing down on the plaintiff with a reasonable probability of danger prior to the negligent act of the defendant. Russell v. St. Louis County Cab Company, Inc., 493 S.W.2d 26, 28[1] (Mo.App.1973).

Here the defendant through its driver may be determined to be guilty of primary negligence in striking the plaintiff at the time the vehicle started up from its stopped position, but there was no intervening time or distance for the humanitarian rule to become effective. Thus defendant's assertion that the evidence did not support the humanitarian submission in plaintiffs' verdict directing instruction on failure to swerve is a valid contention of error. Although not asserted, this is also true as to plaintiffs' submission of the humanitarian rule on failure to stop. Plaintiffs' case in the situation presented by their evidence is one of primary negligence or willful, wanton and reckless conduct and must be submitted on one of those bases.

Since the case must be reversed and remanded for new trial, and the other asserted contentions of error will probably not occur on retrial, we will not pursue their solution.

The judgment is reversed and the case remanded.

DOWD, C. J., and CLEMENS and RENDLEN, JJ., concur.