John E. BROWN, Plaintiff-Respondent,

v.

MISSOURI PACIFIC RAILROAD COMPANY, a corporation, Defendant-Appellant.

No. 35497.

Missouri Court of Appeals,
St. Louis District,
Division 2.

June 4, 1974.

James A. Hesse, Charles P. Lippert, St. Louis, for defendant-appellant.

Melvin Kodas, Kansas City, Mo., Hullverson, Hullverson & Frank, Thomas C. Hullverson, E. Lemoine Skinner, III, St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal by defendant, Missouri Pacific Railroad, a corporation, from a judgment entered by the Circuit Court of the City of St. Louis, Missouri, on a jury verdict for $12,000 in favor of plaintiff, John E. Brown, for personal injuries suffered by him as a result of defendant's negligence. We affirm.

For reversal defendant argues, first, that there was no direct evidence that its employees placed the "catcher arm" in the aisle or that defendant knew or by using ordinary care could have known of its presence, and that the circumstantial evidence on this point is ambiguous. Secondly, it asserts that the danger presented by the "catcher arm" was so apparent that plaintiff was contributorily negligent as a matter of law.

Plaintiff's evidence revealed that he was injured on August 17, 1967, between 6:00 and 7:00 A.M., when he fell, striking his right elbow on a table leg. The accident occurred when plaintiff, a Post Office employee, was arriving at his regular work station which was on a railroad postal car supplied by defendant to the Post Office for its Kansas City to St. Louis mail run. While walking down the aisle of the car in his normal gait, travel bags in hand, plaintiff tripped on a "catcher arm" which had been left lying in the aisle, causing him to fall and to suffer injuries. A "catcher arm" is a black "V" shaped metal bar which is used to pick up mail pouches "on the fly" from stations where the train does not stop.

Two co-workers were in the car when Brown fell but neither actually saw the accident. One of the men, however, did ob-

serve plaintiff immediately after the accident lying in the aisle on top of the catcher arm.

Both plaintiff and the other two men in the car testified that the lighting conditions were poor at the time of the accident. The car was parked under a shed behind Union Station in St. Louis where the natural light was limited. In addition, plaintiff and Thomas Cooke, one of the other two men in the car, testified that there was only one electric light on inside the car near the entrance and that the lighting inside was dim. John Downes, the only other person in the car, testified that there were other lights on where he was working, but that the lighting conditions were very dim in the rest of the car. Plaintiff and John Downes agreed that no additional lights could have been turned on by plaintiff as he entered the car, since there was only one switch at the entrance which controlled the light which had already been turned on.

These postal employees were not involved in any way with moving the catcher arm on this or any other occasion. Answers to interrogatories, which had earlier been directed to defendant, revealed that it was customary for its employees to remove the catcher arms from the side of the postal cars and place them inside the car before putting them through the automatic washer. The postal cars were customarily washed in the automatic car washer in St. Louis prior to the return trip to Kansas City in the morning. Defendant also answered that "at or near the time" of plaintiff's accident, they had gone through this customary procedure. There were, according to plaintiff, special spaces inside the postal cars for storage of the catcher arms where they would not obstruct the aisle.

Significant evidence presented on behalf of defendant by its general car foreman, Arthur Jordan, contradicted plaintiff's evidence concerning the location of light switches in the car. He testified that there was a switch at the entrance by which plaintiff could have turned on additional lights over the aisle.

Jordan's testimony did, however, confirm the contention of plaintiff that it was customary for defendant's employees to place the catcher arms inside the cars in their designated storage area before sending the cars to the washer. For safety reasons, they were not to put the catcher arms in the aisle. After washing, they were to replace them on the outside of the car. Jordan hypothesized that on the occasion in question, his men could have left the arm on the car and that it could have been removed and placed inside the car by employees of Penn Central who were operating the car wash on the evening prior to the accident.

 In considering the contentions urged by defendant, we view the evidence of the plaintiff in the light most favorable to him and disregard evidence of the defendant unless it aids plaintiff's case. Burk v. Missouri Power & Light Company, 420 S.W.2d 274 (Mo.1967). Moreover, we also note that circumstantial evidence may supply the link by which a defendant is connected to the negligent act that produces a plaintiff's injury. McCarthy v. Wulff, 452 S.W.2d 164 (Mo.1970). In that case the court said that circumstantial evidence need not be absolutely conclusive but is enough if it affords a sufficient basis for deductive reasoning.

 In the instant case, defendant admitted that it was customary for its employees to remove the catcher arms from the side of the cars and place them inside the cars before they were put through the automatic washer. Yet defendant denied having any specific information or records concerning what procedure was followed on the occasion in question, but did admit that the customary procedure was followed "at or near" the time in question. The jury was entitled to believe this evidence and to discount the hypothesis advanced by defendant's car foreman who suggested the possibility that the catcher arm could have

been removed by employees of another railroad who were operating the wash on the night before the accident.

In Elgin v. Kroger Grocery & Baking Co., 357 Mo. 19, 206 S.W.2d 501 (1947), it was held that the negligent placement of a loading plate by one of defendant's employees could be proven by circumstantial evidence where the fact was established as a reasonable probability. This was held to be so even though there was some conflicting circumstantial evidence favorable to defendant. In accord is the case of Wells v. Goforth, 443 S.W.2d 155 (Mo.Banc 1969). Here, plaintiff's case is based on evidence that none of the mail clerks on the car that morning moved the catcher arms; that postal employees did not handle catcher arms, but by custom and procedure the catcher arms were removed and placed inside the cars in which they belonged by car inspectors of the defendant before the car was washed. After the cars were washed, the defendant's car men would replace the catcher arm on the car in its proper place. From this evidence a jury could reasonably infer that it was more probable than not that defendant either knew or could have known, by using ordinary care, of the presence of the catcher arm in the aisle of the car. Therefore, we rule this claim of error against defendant.

In its motion for judgment in accordance with its motions for a directed verdict, defendant contends that plaintiff was guilty of contributory negligence as a matter of law in (1) failing to turn on any lights in the car, (2) failing to keep a lookout, and (3) stumbling over an obvious obstacle. Stated another way, defendant's contention is that the danger to plaintiff was so apparent, open, and obvious that he was guilty of contributory negligence as a matter of law for failing to see the catcher arm in the aisle.

To hold plaintiff guilty of contributory negligence as a matter of law, the evidence most favorable to him must permit no other reasonable conclusion. Swanson v. Godwin, 327 S.W.2d 903, 911 (Mo.1959) and White v. Burkeybile, 386 S.W.2d 418, 424 (Mo.1965). Viewing the evidence in this light, we find that the aisle where the plaintiff tripped and fell was not well lighted; there were no additional lights which could have been turned on by a switch within plaintiff's reach; the catcher arm was painted black and plaintiff said he did not see it while walking normally. Moreover, plaintiff's testimony in this regard is supported by his two co-workers, who boarded ahead of him, both testifying that they too did not see the catcher arm. Under these circumstances the question of plaintiff's contributory negligence was properly left for the jury. See McIntyre v. M. & K. Dept. Store, Inc., 435 S.W.2d 737 (Mo.App.1968) and Dixon v. General Grocery Co., 293 S. W.2d 415 (Mo.1956). In Russell v. St. Louis County Cab Co., Inc., 493 S.W.2d 26 (Mo.App.1973), we held that the question of contributory negligence is for the jury unless the evidence, viewed in the light most favorable to plaintiff, indicates the only reasonable conclusion to be that plaintiff was guilty of negligence proximately causing his injury. All told under the circumstances shown herein by the evidence, we cannot conclude that plaintiff's conduct was negligent as a matter of law. Consequently, plaintiff's conduct as complained of by defendant was properly submitted to the jury for its determination as to whether plaintiff acted with reason under the conditions shown. Thus we rule this point against the defendant.

Judgment affirmed.

SMITH, P. J., and GUNN, J., concur.