**STATE of Missouri, Respondent,**

v.

**William ARRINGTON, Appellant.**

**No. 59699.**

Supreme Court of Missouri,
En Banc.

Jan. 9, 1978.

Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, Kathryn Marie Krause, Asst. Atty. Gen., for respondent.

MORGAN, Chief Justice.

Appellant was tried to a jury on two counts of an indictment and found guilty of robbery in the first degree and murder in the second degree. Punishment was assessed at confinement for five years and twenty years, respectively, to be served consecutively.

The sufficiency of the evidence is not challenged and a rather summarized version thereof should be adequate.

Witness Jerry T. Mitchell testified that he lived in an apartment at 3700 Warwick in Kansas City; that on the night of July 6, 1975, he and others (including one Michael Gallagher) were having a party at his home; that appellant and three others came to the apartment and asked if he wanted to buy some television sets; that while discussions were being held in a back bedroom, the four newcomers displayed weapons and announced a robbery; that while he scuffled with one intruder, appellant shot him three times in the back; that money was taken from him; that he heard two or three more shots fired as the four made their way out of the apartment; that as he left to be taken to the hospital, he saw Michael Gallagher lying on the ground by the swimming pool outside the apartment.

Others at the party testified as to being robbed and related events the same as did Mitchell.

A statement signed by appellant was in evidence. Therein, he admitted that he had taken a .32 caliber revolver from Jerry Mitchell and thereafter shot him; but, that another one of the four had shot Gallagher.

The revolver was identified at trial and evidence was submitted that the "slugs" taken from the bodies of Mitchell and Gallagher were all fired from it.

Appellant did not testify or offer any evidence on his own behalf.

First, it is argued that the trial court erred in failing to give MAI–CR 2.70, which reads:

The defendant is charged with a separate offense in each Count submitted to you. Each offense and the evidence and law applicable to it should be considered separately. Any evidence which was or has been limited to one of the offenses charged or one purpose should not be considered by you as to another offense charged or for any other purpose.

You may find the defendant guilty or not guilty on any or all of the Counts submitted against him (, or you may find him not guilty by reason of a mental disease or defect excluding responsibility).

You should render a separate verdict as to each Count submitted against the defendant.

■ Since appellant was tried on two counts, with each requiring a separate verdict, the trial court erred in not following the "Notes on Use" to MAI–CR 2.70, i. e., so instruct the jury whether requested or not. However, the point has not been preserved for review by any record made at trial or any after-trial motion. Reliance necessarily is placed on the plain error rule (Rule 27.-20(c), V.A.M.R.); which, insofar as controlling here, turns on whether or not " . . . the court deems that manifest injustice or miscarriage of justice has resulted therefrom." Quite obviously, it did not.

■ Upon reading all of the instructions, taken together, it is clear that the jury knew that it could find appellant guilty or not guilty on either or both counts. *State v. Boyington,* 544 S.W.2d 300[3, 4] (Mo.App. 1976). Separate verdict directing instructions were given on robbery in the first degree, murder in the first and second degrees and manslaughter. Each carried a tail directing acquittal if all elements were not found beyond a reasonable doubt. Further, the jury was given six verdict forms, two of which entitled the jury to find the appellant not guilty of the robbery or the homicide, plus three more verdict directing forms which allowed the jury to find the appellant guilty of an offense without assessing punishment. Thereby, the jury was given every opportunity to find appellant guilty or not guilty of each offense. As said in the *Boyington* case, supra, at 304:

" . . . the purpose of MAI–CR 2.70, that is separate consideration of each offense, was accomplished in the case at bar beyond possibility of doubt and there could be no prejudice to defendant." See also *State v. Johnson,* 537 S.W.2d 816 (Mo.App. 1976) and *State v. Nelson,* 532 S.W.2d 855 (Mo.App.1975).

More recently, this court had occasion to consider the identical issue in *State v. Minor,* 556 S.W.2d 35[14] (Mo. banc 1977). After finding "no prejudice" to the defendant, the court cautioned, l.c. 42, that: " . . . this result in this case does not indicate necessarily the same result in other cases wherein MAI–CR 2.70 is not given. The directions in MAI–CR 2.70 provide that it is to be given in all cases wherein there are multiple counts and trial judges are admonished to follow that direction."

The trial court in the instant case erred prior to publication of the admonition in the *Minor* case and should not be charged with ignoring the same.

Nevertheless, this case and others noted herein demonstrate the additional burden placed upon the judicial system when simple rules are not followed. Failure to do so, unnecessarily, wastes judicial time; and, we once again suggest compliance with the "Notes on Use" to MAI–CR 2.70.

Second, appellant contends the trial court erred in overruling his motion to strike the jury panel based on his allegation that Article I, § 22(b) of the Missouri Constitution, allowing women to request automatic exemption from jury service, is unconstitutional. No evidence was offered at trial on this point. Furthermore, the challenged constitutional provision was upheld recently by this court in *State v. Duren,* 556 S.W.2d 11 (Mo. banc 1977), and the decision therein is dispositive of the issue.

The judgment is affirmed.

BARDGETT, HENLEY, DONNELLY, RENDLEN and SEILER, JJ., and NORWIN D. HOUSER, Special Judge, concur.

FINCH, J., not sitting.