STATE of Missouri, Respondent,

v.

Claude M. HARDY, Appellant.

No. KCD 29221.

Missouri Court of Appeals,
Kansas City District.

June 12, 1978.

Motion for Rehearing and/or Transfer Denied July 20, 1978.

Application to Transfer Denied
July 24, 1978.

Clifford A. Cohen, Public Defender, Lee M. Nation and Kevin Locke, Asst. Public Defenders, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Claude M. Hardy, who was convicted of kidnapping, § 559.240, RSMo 1969, and rape, § 559.260, RSMo 1975 Supp., was sentenced to consecutive terms of ten and twenty years.

On this appeal, Hardy attacks the constitutionality of § 494.031, RSMo 1969, and the admission in evidence of a cotton swab. Affirmed.

■ Hardy first attacks the constitutionality of the jury selection system as applied to Jackson County under Article I, § 22(b), of the Missouri Constitution, and § 494.031, because women are allowed to elect not to serve on the jury. This precise question was decided in *State v. Duren,* 556 S.W.2d 11 (Mo. banc 1977). Although the United States Supreme Court has granted certiorari, 23 Cr.L. 4044, this court is bound to follow *Duren.*

■ Hardy next contends a cotton swab inserted in the victim's vagina by a physician was not properly identified to be admitted in evidence. Hardy claims there is no foundation to show the swab introduced at trial and on which a test was made to determine the presence of sperm was the same one inserted in the victim.

Officer Johnson stated he was in an examining room at the hospital with the victim when a physician and nurse entered. Officer Johnson left the room and waited outside beside the door. A few minutes later the nurse handed him the cotton swab, together with hair and blood samples. Officer Johnson stated that the swab introduced into evidence was the same one handed him by the nurse.

The victim testified the physician inserted a cotton swab and stated the swab introduced at trial was similar to the one used by the physician. She stated the physician had given the swab to the nurse. She stated only one swab was used.

The contention made here is the lack of testimony of the nurse and physician to identify the swab handed the officer as being the one inserted in the victim. There was no evidence to indicate anyone else was in the room besides the victim, physician and the nurse, and Officer Johnson was beside the door on the outside. The testimony indicated only one swab was used and only one nurse was present. There is no reasonable inference to believe any other swab was involved.

In *State v. McClain,* 536 S.W.2d 45 (Mo. App.1976), the court had a very similar question. There, the court stated at p. 47[3], "Here it is sufficient if the evidence shows with reasonable assurance the smear taken from the victim was that examined by the doctor."

There was reasonable assurance in this case the swab introduced in evidence was the one actually used. The swab was properly admitted.

Hardy does not attack the sufficiency of the evidence.

The judgment is affirmed.

All concur.