**STATE of Missouri, Respondent,**

v.

**Anthony McREYNOLDS, Appellant.**

**No. KCD 29556.**

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 27, 1978.

Application to Transfer Denied
Jan. 8, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SWOFFORD, Chief Judge.

Appellant was tried and convicted of first degree robbery by a jury and sentenced to five years in the Department of Corrections. He filed a pretrial motion to quash the jury panel from which his trial jury was selected, alleging that the procedure for the jury selection of the panel granting women an automatic exemption from service based solely upon sex resulted in a disproportionately small number of women available for jury service under the application of Article I, Section 22(b) of the Missouri Constitution and Section 494.031 RSMo 1975 Supp. and thus denied him his right to a "cross section" jury under the Sixth and Fourteenth Amendments of the Constitution of the United States. It was agreed by the parties that evidence on this motion to quash the jury panel would be deferred and presented, if at all, on the hearing on a motion for a new trial.

With his motion for a new trial the appellant filed a stipulation of facts agreed to by the state, showing various statistics for 1976 as to the number of women declining jury service for various reasons and that the jury wheel for that year as finally constituted was composed of 29.1% women and that only 14.5% of those actually serving were women. The court below overruled the motion for a new trial and thereby denied the pending motion to quash the jury panel.

The Supreme Court of Missouri had this same constitutional attack upon the jury selection procedures before it in *State v. Duren,* 556 S.W.2d 11 [Mo. banc 1977, cert. granted sub. nom. *Duren v. Missouri,* 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387 (1978)] and the cases of *State v. Lee,* 556 S.W.2d 25 (Mo. banc 1977) and *State v. Davis,* 556 S.W.2d 45 (Mo. banc 1977) decided simultaneously with *Duren.* In each of these cases this attack made here upon the matter of jury selection and the automatic exemption of women was denied. Further, that court in the case of *State of Missouri v. Charles Jackson Carter,* 572 S.W.2d 430, No. 59802, decided October 10, 1978, adhered to its ruling in the *Duren* trilogy. This Court, of course, is likewise bound to follow *Duren.*

*Duren* denied relief and based its decision upon two factors: (1) the appellant failed to produce sufficient evidence to show causation between the method of jury selection and the composition of the trial panel; and (2) the results of the jury selection process arising from the Missouri constitutional provision [Article I, Section 22(b)] and the implementing statute (Section 494.031) were not violative of the "almost totally male" standard nor the constitutional protections restated in *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

While the "evidentiary gaps" and "short-comings" noted to exist in *Duren* have been at least partially satisfied by the stipulated facts in this record, the basic constitutional question decided in *Duren* remains the law in this state and is decisive of that question here. Further discussion of these problems would be without precedential value, Rule 84.16(b)(1).

The judgment is affirmed.

All concur.