STATE of Missouri, Respondent,

v.

**William C. NEIGHBORS, Appellant.**

No. 29799.

Missouri Court of Appeals, Western District.

Feb. 26, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1979.

Application to Transfer Denied May 17, 1979.

Clifford A. Cohen, Public Defender, and Kevin R. Locke, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., and Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

PER CURIAM.

Direct appeal from jury conviction for forgery and sentencing of ten years pursuant to the Second Offender or Habitual Criminal Act, § 556.280, RSMo (1969). Sentence entered July 7, 1977. Motion for new trial timely filed and overruled.

Appellant raises two points on his appeal set forth as follows:

I

"The trial court erred in sentencing Appellant pursuant to the Second Offender Act (§ 556.280 R.S.Mo.) insofar as the information filed in the cause was defective and insufficient to confer such jurisdiction upon the court due to the fact that the information failed to allege that the crime of which Appellant had been previously convicted was one "punishable by imprisonment in the penitentiary" and thus the sentencing of Appellant by the court denied him due process."

II

"The trial court abused its discretion in failing to submit for the jury's edification

MAI–CR 3.60, dealing with the jury's limited consideration of evidence of other crimes, insofar as without such instruction the jury was not cautioned to consider only the limited admissibility of the evidence of the burglary of Freeway Auto Sales, which prejudiced Appellant and denied him a fair trial."

Appellant's contention of the defective information is best considered in light of the reading of the information, facts surrounding Appellant's history and action by the trial court.

### "AMENDED INFORMATION

Now comes RICHARD KNIGHT, Assistant Prosecuting Attorney for the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the court, that WILLIAM CLIFFORD NEIGHBORS whose Christian name in full is unknown to said Assistant Prosecuting Attorney, late of the county aforesaid, on the 20th day of September, 1965, at the County of Jackson, State of Missouri, said defendant pled guilty to the charge of robbery in the first degree; that thereafter on the 20th day of September, 1965, said defendant was sentenced to eight (8) years in the Missouri Department of Corrections; that thereafter on the 1st day of October, 1965, said defendant was confined in the Missouri Department of Corrections, Jefferson City, Missouri, that thereafter on the 13th day of November, 1970, said defendant was released from said Penitentiary on the commutation of sentence; that thereafter on the 30th day of July, 1976, at the County of Jackson, State of Missouri, said defendant, did then and there unlawfully, willfully, knowingly and feloniously, either acting alone or knowingly in concert with another, with intent to defraud one First National Bank of Independence, use and utter as true a certain writing purporting to have legal efficacy and commonly relied upon in business and commercial transactions, and purporting to have been so made by another, knowing the same to have been so made and altered, when in truth and fact said instrument was forged and William Clifford

Neighbors knew it to be forged, which writing is of the following tenor, to-wit:

FREEWAY AUTO SALES, LTD.          1111
8411 Truman Road  254–9690                          80–1703
Kansas City, Missouri  64126       7/29/1976 1010

PAY TO THE ORDER OF WAYNE K. TICE
          263 Dols 53 CTS                      $263.53
                                               Dollars

STANDARD STATE BANK
INDEPENDENCE, MISSOURI          s/ Cecil Freeman

against the peace and dignity of the State."

(FILED JANUARY 24, 1977)

On September 20, 1965, Appellant entered a plea of guilty to robbery in the first degree, was sentenced to eight years, entered the penitentiary on October 1, 1965 and on November 13, 1970, was released upon commutation of his sentence.

In the present case, just prior to the close of the state's evidence, the court held a hearing out of the presence of the jury, at which the prosecutor, Appellant and Appellant's counsel were present. Documents of Appellant's prior conviction for a felony offense and the sentence for that offense were entered as evidence and made a part of the record without objection. Appellant was advised by the court of the court's conclusion that the court had authority to proceed under § 556.280 RSMo (1969) if the jury convicted Appellant.

Under § 556.280 RSMo, the state is required to prove an accused was convicted and sentenced to an offense punishable by imprisonment in the penitentiary. *State v. Blackwell,* 459 S.W.2d 268 (Mo.banc 1970). Such burden is met upon proof that an accused was convicted and sentenced for a felony. *State v. Kennedy,* 513 S.W.2d 697 (Mo.App.1974). Also, a trial court can take judicial notice that robbery is a felony and that a felony, by definition, is an offense punishable by imprisonment in the penitentiary. *State v. Abernathy,* 515 S.W.2d 812 (Mo.App.1974). Evidence of the record proved Appellant herein was, prior to this charge, convicted and sentenced for an offense punishable by imprisonment in the penitentiary.

Neither § 556.280 RSMo (1969) nor Rule 24.01 contain inherent requirements making requisite the precise wording al-

leged by Appellant. The state has met its burden of proof pursuant to § 556.280 RSMo (1969).

The second contention by Appellant relates to testimony of Claude Freeman, one of the state's witnesses, and the allegation that the trial court erred in its failure to give the MAI–CR 3.60 instruction so as to caution the jury to consider the limited admissibility of the testimony of witness Claude Freeman relative to the burglary of his place of business.

Witness Claude Freeman testified that his place of business had been burglarized on June 20, 1976, and as a result of that burglary, his checkbook had been stolen. Appellant was charged with having committed this offense July 30, 1976. The check (State's Exhibit No. 8) alleged to be the same falsely uttered by Appellant was identified by the witness as one from his checkbook stolen in the burglary.

The record reflects, under cross-examination, that Claude Freeman stated he did not know who stole the check and who, if anyone, tried to negotiate the check. This was the extent of the testimony of witness Claude Freeman.

MAI–CR 3.60 is one of the so-called discretionary instructions, but if requested, must be given by the trial court. The rule states:

"If you find and believe from the evidence that the defendant was (involved in) (convicted of) (an offense) (offenses) other than the one for which he is now on trial (and other than the offense mentioned in Instruction No. _____), you may consider that evidence on the issue of (identification) (motive) (intent) (absence of mistake or accident) (presence of a common scheme or plan) ([specify other purpose for which the evidence was received as substantive evidence of guilt]) of the defendant (and you may also consider such evidence for the purpose of deciding the believability of the defendant and the weight to be given to his testimony). (You may not consider such evidence for any other purpose.)"

Appellant made no request that the instruction be given and did not raise the issue in his motion for new trial. He raises the question for the first time on appeal, which is permissible under Rule 27.20(c). Also under Rule 27.20(c), this court may review the failure to give the instruction but such review is made to determine plain error, and to guard against manifest injustice or a miscarriage of justice, resulting from the discretion exercised by the trial court. State v. Grey, 525 S.W.2d 367 (Mo. App.1975); State v. Johnson, 537 S.W.2d 816 (Mo.App.1976).

The record here indicates the state secured the testimony of witness Claude Freeman for purposes of establishing the check in evidence had been stolen and that as owner thereof, he had not issued the check nor had he ever authorized anyone to issue the check. The failure of the trial court to give MAI–CR 3.60 in light of this testimony did not amount to an abuse of discretion causing plain error or manifest injustice. State v. Murphy, 533 S.W.2d 716 (Mo.App.1976); State v. Bridges, 491 S.W.2d 543 (Mo.1973); State v. Broomfield, 510 S.W.2d 843 (Mo.App.1974).

Judgment affirmed.