STATE of Missouri, Respondent,

v.

John COLEMAN, Appellant.

No. KCD 30043.

Missouri Court of Appeals,
Western District.

April 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1979.

Application to Transfer Denied
July 17, 1979.

Clifford A. Cohen, Public Defender, Kevin Locke, Lee M. Nation, Asst. Public Defenders, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

SHANGLER, Presiding Judge.

The appeal is from a conviction by jury for murder in the second degree. We reverse and remand for new trial on the principle of *Duren v. State of Missouri*, 439 U.S. ——, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

At commencement of trial the defendant moved quashal of the jury venire on the grounds that the procedures by law [Article I, § 22(b) of the Missouri Constitution of 1945 and § 494.031, RSMo 1969)] which exempt from service as a juror any woman who requests excuse on account of gender deny a right to jury by a representative segment of the community in violation of the Sixth and Fourteenth Amendments to the United States Constitution. The motion was accompanied by a stipulation that the method used by the Jury Commissioner of Jackson County to devise the jury wheel for the year 1976 was employed for the year 1977. The stipulation was amplified by an agreed incidence of statistics [between January and July of that year] of women who claimed gender exemption and, ultimately, the numbers by gender which made up the wheel. The motion for quashal of the venire was denied by the trial court and the proceeding went to judgment and conviction.

The same challenge [but on a statistical incidence between June–October of 1975 and January–March of 1976] was made to the petit jury venire, and rejected, in *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977). On certiorari, the United States Supreme Court found, however, that the petit jury selection process by Missouri law, as given effect in Jackson County, resulted in a systematic exclusion of women so that the jury venires were not representative of the community in violation of the Sixth Amendment rule in *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

The defendant contends that the United States Supreme Court opinion in *Duren*, made retrospective by effect, determines his contention for reversal. It is the contention of the State, however, that neither the statistical data for *Duren* [which dealt with the jury wheel and venire compositions for segments of the years 1975 and 1976] nor the statistical data by stipulation [as to the jury wheel composition for the first seven months of 1976] determines a comparable discriminatory effect for the petit jury pool for 1977, when the defendant was tried.

We have rendered opinions concurrently to reverse and remand criminal convictions returned in 1977 on a stipulation by the prosecution that the method used to devise the Jackson County petit jury wheel was that employed in year 1976 [*State v. Tate*, 582 S.W.2d 329, No. KCD 29,875; *State v. Buford*, 582 S.W.2d 298, No. KCD 29,658] on a stipulation of statistics which show continued underrepresentation of females in jury venires of that venue in year 1976 beyond the base period of *Duren* [*State v. Peters*, 582 S.W.2d 323, No. KCD 29,710], and on a stipulation that the method for selection of the petit jury was that used in *State v. Hardy*, 568 S.W.2d 86 (Mo.App. 1978) reversed on certiorari companion to *Duren*, 439 U.S. ——, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979) [*State v. Heavey*, 582 S.W.2d 284, No. KCD 29,834]. These proofs concede, and these precedents decide, that the systematic gender discrimination in Jackson County venires for year 1976 which prompted reversal in *Duren* continued into year 1977 and requires reversal of the conviction against the defendant Coleman.

■ Quite apart from these rationales, where a defendant has raised and preserved the contention of gender discrimination in the petit jury selection process, *Duren* requires reversal of a year 1977 conviction by a Jackson County jury, without further proof of an underrepresented venire [99 S.Ct., l. c. 669]:

[The] undisputed demonstration that a large discrepancy occurred not just occasionally but in every weekly venire for a period of nearly a year manifestly indicates that the cause of the underrepresentation was systematic—that is, inher-

# 337

ent in the particular jury-selection process utilized.

We understand that to mean that a jury selection system installed by law gender-discriminatory in method and gender-discriminatory by prolonged practice [the 1975 and 1976 base period proven in *Duren*] is deemed to continue until shown abated by the State.

That the Missouri Supreme Court shares our understanding is evident from its mandate for reversal and new trial entered in *State v. Arrington*, 559 S.W.2d 749 (Mo. banc 1978)[1] on remand from the United States Supreme Court "for reconsideration in light of *Duren v. Missouri.*" That order for new trial issued despite *any* evidence on the trial court motion to quash that the venire from which the jury was drawn was not fairly representative of the female gender. *State v. Arrington, supra*, l. c. 751.

The discriminatory method of jury selection and the incidence of discriminatory venires in Jackson County proven at the time *Duren* was tried persisted into year 1977 when the defendant Coleman was tried. The defendant on his timely motion was entitled to a quashal of the petit jury venire by which he was convicted.

The judgment is reversed and remanded for new trial.

All concur.

---

1. The mandate in these terms issued from the Supreme Court of Missouri on March 15, 1979, in *State v. Arrington*, 559 S.W.2d 749, to give effect to the decision of the United States Supreme Court in *Arrington v. State*, —— U.S. ——, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979).