STATE of Missouri, Respondent,

v.

**Thomas C. HEAVEY, Appellant.**

**No. KCD 29834.**

Missouri Court of Appeals,
Western District.

April 30, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 11, 1979.

Application to Transfer Denied
July 17, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Lee Nation, Asst. Public Defenders, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Thomas Heavey was convicted of assault with intent to commit sodomy, § 559.180, RSMo 1969. He was sentenced to confinement for thirty years under the Second Offender Act.

On this appeal Heavey contends the trial court erred in overruling his motion to quash the jury panel because the procedure followed in Jackson County for the selection of jury panels denied him a jury that was representative of a cross-section of the community in violation of his rights under the Sixth Amendment of the United States Constitution. Reversed and remanded.

Heavey was tried in August, 1977. His counsel filed a written motion to quash the jury panel because the Jackson County procedure for selection of jury panels denied him a fair cross-section of the community in the composition of his jury. In addition, Heavey filed a pro se motion.

Following an evidentiary hearing on a motion to suppress evidence held prior to the beginning of the trial, counsel orally moved to quash the jury panel upon the same grounds as previously asserted. During argument on that motion, Heavey's counsel stated he and the State had entered into a stipulation to the effect that the selection of jury panels used in the past was the same procedure by which the jury panel about to hear Heavey's case was chosen. The following then occurred:

MS. FORTNEY: In reference to that stipulation, the State would stipulate to the testimony as to the '77 wheel that

was given in the Claude M. Hardy case, which was in front of Judge Randall in Division Four, and that testimony was in regard to the '77 jury wheel, and the State would stipulate to that testimony.
THE COURT: That it was the same as the '76?
MS. FORTNEY: Yes. It is my understanding that that's what that testimony was.

The State contends on this appeal that Heavey's contention concerning the composition of the jury wheel is not tenable because there is no evidence in the record to show the number of women whose names were in the wheel from which Heavey's jury was selected. The State contends the only evidence in this record is the composition of jury wheels in 1976 which cannot be applied here to a trial which occurred in 1977. It is obvious from the statement by the assistant prosecuting attorney, quoted above, that the method of selection and the composition of jury wheels in Jackson County was the same in 1977 as it was in 1976.

The prosecutor referred to the Claude M. Hardy case. The Hardy case was appealed to this court and the conviction was affirmed in *State v. Hardy*, 568 S.W.2d 86 (Mo.App.1978). In that case Hardy attacked the jury selection system as applied to Jackson County and this court relied on *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1972) and affirmed. Thereafter the United States Supreme Court in *Duren v. Missouri*, 439 U.S. ——, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979) held the composition of the jury wheel in Jackson County and the number of women who serve under the selection process employed in that County denied Duren a fair cross-section of the community in the composition of his jury in violation of his rights under the Sixth and Fourteenth Amendments. Hardy also appealed his conviction to the United States Supreme Court, and in *Hardy v. Missouri*, —— U.S. ——, 99 S.Ct. 1037, 59 L.Ed.2d 85 (1979) the Court vacated the judgment of this court and remanded the case for further consideration in light of *Duren*. On reconsideration, this court reversed Hardy's conviction by order and remanded the case for a new trial.

█  In the case at bar the prosecutor stated the evidence in this case was the same as that in *Hardy*. The United States Supreme Court ordered reconsideration of the *Hardy* judgment and on remand this court reversed the conviction because of the jury selection system. If the facts in *Hardy* concerning the jury selection system and the composition of the jury wheel apply in this case, as they must in view of the prosecutor's statement, a fortiori the same result must obtain in this case.

Unfortunately, the briefs in this case were both filed prior to the decision of the United States Supreme Court in *Duren*, so this court does not have the benefit of the State's position in light of that decision. However, this court can only proceed on the basis of the briefs on file.

█  Heavey also contends the court erred in sentencing him under the Second Offender Act because the information failed to allege that the crime for which he had been previously convicted is one "punishable by imprisonment in the penitentiary." This court has had recent occasion to explore that same contention in *State v. Neighbors*, 579 S.W.2d 690 (Mo.App.1979) and resolved the question against Heavey's contention.

Heavey raises one other question concerning the information, but the State will have ample opportunity to consider Heavey's argument and to make any amendment it desires.

The judgment is reversed and the cause is remanded for a new trial.

All concur.