**STATE of Missouri, Respondent,**

v.

**Jackie Dean WICKIZER, Appellant.**

**No. 30033.**

Missouri Court of Appeals,
Western District.

April 30, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 12, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Brenda Farr Engel, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Direct appeal from jury conviction for assault with intent to do great bodily harm with malice. Court imposed sentence of five years in the penitentiary. Motion for new trial was timely filed and from the overruling of that motion, this appeal followed. Reversed and remanded.

Appellant raises four points on appeal, but in light of the conclusion reached in this opinion, only Point II is considered. Point II reads as follows:

"The trial court erred in overruling appellant's motion to quash jury panel without granting appellant an evidentiary hearing thereon, in that such refusal to allow appellant to present evidence in support of his motion deprived him of his fundamental right to be heard upon his challenge to the composition of the jury panel and thus abridged his rights under the sixth and fourteenth amendments to the United States Constitution."

Appellant filed timely motion to quash the jury panel, alleging violation of his constitutional rights under the sixth and fourteenth amendments of the Constitution of the United States. The basis of this alleged violation was § 494.031, RSMo 1969, which relates to the exclusion of women from jury service.

Counsel for appellant made an offer of proof in support of the motion, to which the state objected. The court sustained the objection and no evidentiary hearing was afforded the appellant.

Appellant was entitled to offer his proof on the question, and the court was obligated to permit such offer. Outright refusal by the trial court was violative of appellant's constitutional right to due process and hence was reversible error.

The trial court was bound by the decision of our State Supreme Court in *State v. Duren,* 556 S.W.2d 11 (Mo.banc 1977)

(which, while holding the evidence in *Duren* was insufficient on the question, nevertheless observed the right to an offer of proof on the question) and by *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

Concluding herein that action by the trial court was reversible error under the State Supreme Court decision of *State v. Duren, supra* and the United States Supreme Court decision in *Taylor v. Louisiana, supra,* no valid purpose would be served by including a dissertation of the decision in *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), although it is obviously recognized as being binding upon our courts.

This cause, for the reasons set forth herein, is reversed and remanded for retrial of the issues upon their merits.

All concur.