**STATE of Missouri, Respondent,**

v.

**Anthony McREYNOLDS, Appellant.**

**No. KCD 29556.**

Missouri Court of Appeals,
Western District.

May 4, 1979.

### MEMORANDUM AND ORDER

The appellant-defendant herein prosecuted his appeal to this Court from a conviction of first degree robbery and a sentence of five (5) years in the custody of the Department of Corrections following a jury trial in Jackson County, Missouri which commenced April 25, 1977. This judgment was affirmed by this Court on October 30, 1978 and this Court's mandate issued January 9, 1979. *State v. McReynolds*, 574 S.W.2d 450. In so doing, this Court followed the then binding authority of *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977) which held that the Missouri jury selection statutes as they applied to the exclusion of women from jury service upon the sole basis of gender was constitutional.

The Missouri decision in *Duren* was thereafter set aside and reversed by the Supreme Court of the United States in the case of *Duren v. State of Missouri*, 439 U.S. ——, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). On January 15, 1979, the Supreme Court of the United States held that its holding as to

the unconstitutionality of the pertinent Missouri statutes as to the automatic exemption of women to serve upon juries was to be applied retroactively to the date of its decision in *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); *Lee v. Missouri*, —— U.S. ——, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979).

In accordance with the authority of *Duren v. State*, supra, the Missouri Supreme Court and this Court have set aside and ordered new trials in numerous cases where the jury was clouded by the unconstitutional methods employed in jury selection as it pertained to the service of women. *State v. Hardy*, 578 S.W.2d 361 (1979); *State v. Brown*, 577 S.W.2d 163 (1979); *State v. Arrington*, 559 S.W.2d 749 (1979); *State v. Madison*, No. KCD 29,639 (February 26, 1979); *State v. Heavey*, 582 S.W.2d 284 (1979); *State v. Tate*, 582 S.W.2d 329 (1979); *State v. Coleman*, 582 S.W.2d 335 (1979); *State v. Buford*, 582 S.W.2d 298 (1979); *State v. Hawkins*, 582 S.W.2d 333 (1979); *State v. Wickizer*, 584 S.W.2d 604 (1979); and *State v. Peters*, 582 S.W.2d 323 (1979).

The defendant-appellant herein filed his motion to quash the jury panel at the earliest possible time and by agreement of counsel and with the court's approval of the evidence in support of such motion was deferred until the hearing on his motion for a new trial. At that time, the stipulation of facts as to the methods employed for the selection of juries and the statistics as to the number of women requested to serve who claimed automatic exemption in 1976 was entered in the record. This stipulation and its constitutional impact under *Duren* has heretofore been thoroughly discussed in the previous opinions of this Court above cited, and further exposition here would be of no value. After a review of this record the conclusion is reached that it brings this case squarely within the constitutional prohibitions of the *Duren* line of cases, supra.

IT IS THEREFORE ORDERED that the decision of this Court and the mandate issued pursuant thereto on January 9, 1979 be and the same are hereby withdrawn and for naught held and this cause is remanded to the Circuit Court of Jackson County, Missouri.

IT IS FURTHER ORDERED, that the defendant, Anthony McReynolds, be transported from his present place of confinement by the Department of Corrections of the State of Missouri to the Jackson County jail at Kansas City, Missouri and be placed in the custody of the Department of Corrections of Jackson County, Missouri pending further proceedings in the court below.