STATE of Missouri,
Plaintiff-Respondent,

v.

Leon NEVELS, Defendant-Appellant.

No. KCD 29569.

Missouri Court of Appeals,
Western District.

June 1, 1979.

MEMORANDUM AND ORDER

There is now pending in this Court defendant's motion to recall our mandate herein.

The appellant appealed from convictions for second degree murder and for assault with malice, which convictions resulted in separate trials conducted in March of 1977 and May of 1977. These judgments and convictions were affirmed by this Court on August 28, 1978 and our mandate was issued November 13, 1978. *State v. Nevels*, 571 S.W.2d 736 (Mo.App.1978). In so doing, this Court followed the then binding authority of *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977) which ruled the Missouri jury selection laws constitutional as they pertained to the automatic exclusion of women from jury service upon request. Upon certiorari in the *Duren* case to the Supreme Court of the United States, that Court held such laws to be unconstitutional and void. *Billy Duren v. State of Missouri* on writ of certiorari to the Supreme Court of Missouri, No. 77–6067, decided January 9, 1979, 439 U.S. ——, 99 S.Ct. 664, 58 L.Ed.2d 579.

On January 15, 1979, the Supreme Court of the United States held that its unconstitutionality of the pertinent Missouri statutes as to automatic exemption of women to serve upon juries was to be applied retroactively to the date of its decision in *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); *Lee v. Missouri*, —— U.S. ——, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979).

In accordance with the authority of *Duren v. State,* supra, the Missouri Supreme Court and this Court have set aside and ordered new trials in numerous cases where the jury was clouded by the unconstitutional methods employed in jury selection as it pertained to the service of women. *State v. Hardy,* 578 S.W.2d 361 (Mo.App.1979); *State v. Brown,* 577 S.W.2d 163 (Mo.App. 1979); *State v. Arrington,* No. 59,669 (Mo. banc March 15, 1979); *State v. Madison,* No. KCD 29,639 (February 26, 1979); *State v. Heavey,* 582 S.W.2d 284 (Mo.App.1979); *State v. Tate,* 582 S.W.2d 329 (Mo.App. 1979); *State v. Coleman,* 582 S.W.2d 335 (Mo.App.1979); *State v. Buford,* 582 S.W. 2d 298 (Mo.App.1979); *State v. Hawkins,* 582 S.W.2d 333 (Mo.App.1979); *State v. Wickizer,* No. KCD 30,033; *State v. Peters,* 582 S.W.2d 323 (Mo.App.1979); *State v. McReynolds,* 581 S.W.2d 465 (Mo. App.1979); *State v. Hunt,* 581 S.W.2d 136, under mandate from the Supreme Court of the United States (Mo.App.1979); and *State v. Jones,* 581 S.W.2d 137, under mandate from the Supreme Court of the United States (Mo.App.1979).

It appears from the record in this case that the defendant herein, Leon Nevels, raised the constitutional question as to the jury selection laws in Missouri pertaining to women, decided in *Duren v. State of Missouri,* supra, by moving to quash the jury panel in his first trial at the earliest possible time, which motion was supported by written and oral stipulations with the State and supporting exhibits attached thereto. Such motion, stipulations and exhibits were again filed in the second trial, and in each trial after adverse rulings thereupon the point was preserved throughout and upon the appeal to this Court.

This stipulation and its constitutional impact under *Duren* has heretofore been thoroughly discussed in the previous opinions of this Court above cited, and further exposition here would be of no value. After review of this record the conclusion is reached that it brings this case squarely within the constitutional prohibitions of *Duren* and the opinions above cited.

IT IS THEREFORE ORDERED that the decision of this Court of August 28, 1978, and the mandate issued pursuant thereto on November 13, 1978, are hereby withdrawn and for naught held and this cause is remanded to the Circuit Court of Jackson County, Missouri.

IT IS FURTHER ORDERED that the defendant, Leon Nevels, be transported from his present place of confinement by the Department of Corrections of the State of Missouri to the Jackson County jail at Kansas City, Missouri and be placed in the custody of the Department of Corrections of Jackson County, Missouri pending further proceedings in the court below.