STATE of Missouri, Respondent,

v.

Jerome BARNETT, Appellant.

No. WD 29767.

Missouri Court of Appeals, Western District.

June 11, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1979.

Kevin R. Locke, Asst. Public Defender, Clifford A. Cohen, Public Defender, Kansas City, for appellant.

**618**

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

SHANGLER, Presiding Judge.

The defendant was convicted by a jury of assault with intent to rape with malice aforethought and was sentenced to a term of ten years confinement in the penitentiary. The appeal does not question the sufficiency of the evidence to convict but only the lawfulness of the venire from which the jury was drawn.

At the commencement of trial the defendant moved quashal of the jury venire on the grounds that the procedures by law [Mo.Const. Art. I, § 22(b) (1945) and § 494.-031, RSMo 1969] which exempt from service as a jury any woman who requests excuse on account of gender deny a right to jury by a representative segment of the community in violation of the Sixth and Fourteenth Amendments to the United States Constitution. The motion was accompanied by a stipulation that the method used by the Jury Commissioner of Jackson County to devise the jury wheel for the year 1976 was employed for the year 1977.

The prosecution contends that such a proof without other evidence to establish that the venire from which the actual jury was drawn was not representative of the community does not invalidate the conviction on the precedent of *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) and *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). We have ruled that where a defendant has raised and preserved the contention of gender discrimination in the petit jury selection process, *Duren* requires reversal of a year 1977 conviction by a Jackson County jury, without further proof of an underrepresented venire. *State v. Coleman*, Mo.App., 582 S.W.2d 335 (1979).

The judgment is reversed and remanded for new trial.

All concur.