**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Christopher D. POWELL,
Defendant-Appellant.**

**No. KCD 30037.**

Missouri Court of Appeals,
Western District.

July 31, 1979.

Clifford A. Cohen, Lee M. Nation, Kansas City, for defendant-appellant.

John D. Ashcroft, Jefferson City, Earl W. Brown, III, Kansas City, for plaintiff-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Defendant Christopher Powell was convicted in the Circuit Court of Jackson County, by jury trial, of second-degree murder and of assault with intent to kill with malice. Punishment was assessed at 99 years' imprisonment on each count, to be served consecutively.

Defendant has appealed to this court with a single claim of error, that the court erred in denying his offer of proof in support of a pre-trial motion to quash the jury panel. The motion to quash the jury panel alleged that women were underrepresented on the panel and that defendant's rights under the Sixth and Fourteenth Amendments to the United States Constitution were thereby violated.

Defendant offered in specific terms to prove, in support of the motion, the proportions of women in the population, the much smaller ratio of women who were selected for the Jackson County jury wheel and the yet smaller percentage ultimately finding their way on to jury panels. The offer also included proof of the Jackson County system by which a disproportionate number of women were eliminated from jury panels in the county.

It was this offer of proof which was denied by the court, which ruling is the object of defendant's attack upon appeal.

The judgment must be reversed and the case remanded for a new trial.

Since the time of the trial, December 5, 1977, the case of *Duren v. State of Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), has been handed down, which held that the Jackson County system of venire selection resulted in an underrepresentation of women on venires in violation of defendant Duren's rights under the Sixth and

Fourteenth Amendments to the United States Constitution. The case was held to be retroactive in effect to January 21, 1975, *Lee v. Missouri,* 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979), and is therefore applicable to the case before us.

Defendant's offer of proof in support of his motion to quash the jury panel was therefore relevant and admissible.

The attorney general disputes the sufficiency of defendant's offer of proof, arguing that the offered proof would not support defendant's motion to quash the jury panel. Our cases hold, however, that in 1977 Jackson County criminal trials, where a defendant has filed a pre-trial motion to quash the jury panel on the ground of underrepresentation of women on the venire, no further proof is necessary. *State v. Coleman,* 582 S.W.2d 335 (Mo.App.1979) (No. WD 30,043); *State v. Barnett,* 584 S.W.2d 617 (Mo.App.1979) (No. WD 29,767). It is therefore not necessary for us closely to examine the offer of proof as against the attorney general's criticisms of it.

For the reasons stated above, the judgment is reversed and the cause remanded for a new trial.

All concur.