**STATE of Missouri, Respondent,**

v.

**Myron BLYDENBURGH, Appellant.**

**No. KCD 30195.**

Missouri Court of Appeals,
Western District.

March 3, 1980.

Clifford A. Cohen, Public Defender, Kevin Locke, Gary L. Gardner, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and SWOFFORD, JJ.

WASSERSTROM, Chief Judge.

On a jury trial held in November 1977, defendant was convicted on five counts of receiving the earnings of a prostitute, one count of transporting a female through and across the state for prostitution, one count of pandering and one count of sodomy. Immediately prior to commencement of the trial proper, defendant requested a hearing on his motion to quash the jury panel on the ground of underrepresentation of women due to discrimination in the manner of jury selection. The court asked defendant to make an offer of proof, which defense counsel did, after which the court denied the motion. That action is the subject of the present appeal.

The state defends the action of the trial court on the ground that defendant's offer of proof was insufficient to show that the selection of the 1977 jury wheel was uncon-

stitutional under the standards of *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). The brief on behalf of the state acknowledges that its argument is contrary to the decisions of this court in *State v. Hawkins*, 582 S.W.2d 333 (Mo.App. 1979), *State v. Donahue*, 585 S.W.2d 160 (Mo.App.1979), and other similar cases, in which we have held that relief on appeal will be given in this kind of a case even though the defendant did not present *any* evidence in support of his argument that the jury selection was unconstitutional. The same holding was repeated more recently in *State v. Beavers*, 591 S.W.2d 215 (Mo.App.1979). Furthermore, in *State v. Powell*, 585 S.W.2d 302 (Mo.App.1979), this court under identical circumstances with those in the present case, held that the defendant was entitled to a new trial.

Despite the Attorney General's disagreement, we continue to adhere to the decisions just cited. Accordingly, the judgment in this case is reversed and the cause remanded for a new trial.

All concur.