**STATE of Missouri, Respondent,**

v.

**Frank J. CLARK, Appellant.**

**No. KCD 29677.**

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 27, 1978.

Application to Transfer Denied Jan. 8, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Carson W. Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant has appealed from jury verdicts finding him guilty of possession of less than 35 grams of marijuana, a misdemeanor, and possession of amphetamines, a felony. Both offenses were charged in a single information containing two counts.

Two points of error are presented by defendant on appeal: (1) Error on the part of the trial court in overruling defendant's motion to quash the jury panel because the automatic exemption given women from jury service resulted in a panel which was not representative of a cross-section of society, all in violation of the Sixth Amendment to the Constitution of the United States; and (2) error on the part of the trial court in not severing the two offenses for trial because Rule 24.04 "allowing joinder of cases . . . [is] an unconstitutional enactment in violation of Article V, Section 5 of the Missouri Constitution".

As none of the points relied upon question the sufficiency of the evidence, a synopsis of the facts will suffice. On May 12, 1976, two Kansas City, Missouri, police officers on patrol in the vicinity of 27th and Indiana Streets stopped an automobile driven by defendant because of a vehicle license violation. As defendant pulled to the curb in the process of stopping, one of the police officers observed him throw a white paper sack out of his automobile. The white paper sack was retrieved by one of the officers and subsequent laboratory analyses confirmed the presence of marijuana and amphetamines among its contents.

■ Defendant's first point may be summarily disposed of as *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977), *cert. granted sub nom. Duren v. Missouri*, 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387 (1978), *State v. Lee*, 556 S.W.2d 25 (Mo. banc 1977), and *State v. Davis*, 556 S.W.2d 45 (Mo. banc 1977), heretofore concurrently decided by the Supreme Court of Missouri, have ruled this very issue adversely to defendant. No statistical data has been presented by defendant suggesting that the selection and composition of the jury panel in this case was substantially different from the selection and composition of that involved in *Duren, Lee* and *Davis*.

■ Defendant's second and final point may also be summarily disposed of as *State v. Duren, supra,* 556 S.W.2d at 19, and *Burnside v. State,* 552 S.W.2d 339 (Mo.App. 1977), have heretofore upheld the constitu-

tionality of Rule 24.04, *supra,* in the face of similar constitutional attacks.

Judgment affirmed.

All concur.