**STATE of Missouri, Respondent,**

v.

**Philander E. BROWN, Appellant.**

**No. KCD 29876.**

Missouri Court of Appeals,
Western District.

Jan. 29, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Lee Nation, Asst. Public Defenders, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Jeff W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

PER CURIAM.

Appellant was, by jury, convicted of assault with intent to kill with malice aforethought. Sentence was set at twenty eight years. Sufficiency of the evidence is not questioned by Appellant and he raises two points on appeal.

I

"The trial court erred in overruling Appellant's motion to quash jury panel insofar as Jackson County's procedure for selection of jury panels allows women an automatic exemption which denies the accused his right to a jury composed of a representative cross section of society, thus denying Appellant his Sixth Amendment rights."

## II

"The trial court erred in failing to instruct the jury upon the offense of assault with intent to kill without malice as such is a lesser-included offense of assault with intent to kill with malice and such an instruction was warranted by the evidence adduced at trial; failure to so instruct was reversible error."

While the first point raised by Appellant has been before the court before and heretofore has been held to be without merit, it is necessary to note herein that the parties prior to trial stipulated as to jury selection procedures within Jackson County, Missouri and that these procedures were in conformity with Art. I, § 22(b) and § 494.031, RSMo 1969. In the case of *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977), however, pursuant to a Writ of Certiorari, the United States Supreme Court has ruled that Art. I, § 22(b) of the Missouri Constitution and § 494.031, RSMo 1969 are violative of an accused's rights by reason of its systematic exclusion of women as prospective jurors, thus denying an accused a right to a jury composed of a representative cross-section of society under the Sixth and Fourteenth Amendments of the United States Constitution. *Duren v. Missouri*, —— U.S. ——, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).[1]

This cause is reversed and remanded to the trial court for retrial upon the issues without consideration to further points raised on this appeal.

1. On question of jury selection in other states, see *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) tried prior to *State v. Duren, supra*.