STATE of Missouri, Respondent,

v.

Frank J. CLARK, Appellant.

No. KCD 29677.

Missouri Court of Appeals,
Western District.

June 18, 1979.

MEMORANDUM AND ORDER

The appellant-defendant herein prosecuted his appeal to this Court from a conviction based upon jury verdicts finding him guilty of possession of less than 35 grams of marijuana, a misdemeanor, and possession of amphetamines, a felony. Both offenses were charged in a single information containing two counts. The charges were tried in the Circuit Court of Jackson County, Missouri on April 25 and April 26, 1977. This judgment was affirmed by this Court on October 30, 1978 and this Court's mandate issued on January 8, 1979. State v. Clark, 574 S.W.2d 452 (Mo.App.1979). In so doing, this Court followed the then binding authority of State v. Duren, 556 S.W.2d 11 (Mo. banc 1977) which held that the Missouri jury selection statutes as they applied to the exclusion of women from jury service upon the sole basis of gender was constitutional.

The Missouri decision in Duren was thereafter set aside and reversed by the Supreme Court of the United States in the case of Duren v. State of Missouri, on Writ of Certiorari to the Supreme Court of Missouri, No. 77-6067, decided January 9, 1979, 439 U.S. ——, 99 S.Ct. 664, 58 L.Ed.2d 579. On January 15, 1979, the Supreme Court of the United States held that its holding as to the unconstitutionality of the pertinent Missouri statutes as to the automatic exemption of women to serve upon juries was to be applied retroactively to the date of its decision in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); Lee v. Missouri, —— U.S. ——, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979).

In accordance with the authority of Duren v. State, supra, the Missouri Supreme

Court and this Court have set aside and ordered new trials in numerous cases where the jury was clouded by the unconstitutional methods employed in jury selection as it pertained to the service of women. *State v. Hardy,* 578 S.W.2d 361 (1979); *State v. Brown,* 577 S.W.2d 163 (1979); *State v. Arrington,* No. 59,699 (Mo. banc, March 15, 1979); *State v. Madison,* No. KCD 29,639 (February 26, 1979); *State v. Heavey,* 582 S.W.2d 284 (1979); *State v. Tate,* 582 S.W.2d 329 (1979); *State v. Coleman,* 582 S.W.2d 335 (1979); *State v. Buford,* 582 S.W.2d 298 (1979); *State v. Hawkins,* 581 S.W.2d 102 (1979); *State v. Wickizer,* 584 S.W.2d 604 (1979); and *State v. Peters,* 582 S.W.2d 323 (1979).

The defendant-appellant herein filed his motion to quash the jury panel at the earliest possible time based upon the unconstitutionality of the Missouri statutes with reference to the exclusion of women by reason of gender under the authority of *Taylor v. Louisiana,* supra, and, although no evidence was offered in support of this motion, the point was properly preserved in defendant-appellant's motion for a new trial and as a point in his appeal. The conclusion is reached that under *Taylor v. Louisiana,* supra, and *Duren v. State,* supra, this case is squarely within the constitutional prohibitions therein determined together with the subsequent opinions of the Missouri courts, as above noted.

IT IS THEREFORE ORDERED that the decision of this Court and the mandate issued pursuant thereto on January 9, 1979 be and the same are hereby withdrawn and recalled and for naught held, and this cause is remanded to the Circuit Court of Jackson County, Missouri for further proceedings.