STATE of Missouri, Respondent,

v.

Michael Lee FARRIS, Appellant.

No. KCD 30138.

Missouri Court of Appeals, Western District.

July 31, 1979.

Fred L. Slough, Wells, Eisberg, Slough & Connealy, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before HIGGINS, Special Judge, P. J., WELBORN, Special Judge and SWOFFORD, C. J.

SWOFFORD, Chief Judge.

The appellant was tried under a multicount indictment before a jury. The trial commenced on January 9, 1978 and the jury found him guilty on all counts by its verdicts returned January 12, 1978. After an unavailing motion for a new trial, he perfected this appeal. He raises four points on appeal, but in view of the fact that this case must be reversed and remanded for a new trial, only Point IV need be here considered.

Under this point he charges the trial court with error in overruling his motions to quash the petit jury panel and for a new trial and thus denying his claim that the method employed in Jackson County, Missouri of selecting jurors under the constitutional and statutory provisions of Missouri law denied him his federal constitutional right to be tried by a jury of his peers drawn from a fair cross-section of the community, in that the automatic exemption granted to prospective women jurors, upon request, resulted in a constitutionally impermissible and disproportionate number of women being available to sit upon his jury.

The record discloses that the defendant first raised this constitutional issue on December 16, 1977 in his motion to quash "any jury panel" that was drawn as the venire of prospective jurors in his trial. This was approximately three weeks before his trial. He again raised the objection in his motion to quash the prospective petit jury panel on January 4, 1978. This motion to quash was supported by evidence in the form of a written stipulation with the State covering the method for selecting jury panels in 1976 and the policy and method employed by Jackson County with reference to the automatic exclusion of women and the *results* of such method as it affected the composition of jury panels in that year. This motion to quash was denied by the trial court on January 5, 1978. The morning of the start of the trial, January 9, 1978, the defendant renewed his motion to quash the jury panel

summoned for his trial; he preserved this objection throughout the trial, in his motion for a new trial, and, here on appeal under Point IV of his brief. In denying this relief the trial court followed and applied the then controlling decision of the Supreme Court of Missouri in *State v. Duren,* 556 S.W.2d 11 (Mo. banc 1977), which held that the method employed in Jackson County with regard to the automatic exemption of prospective women jurors upon request was constitutionally permissible. This Missouri decision in *Duren* was thereafter set aside and reversed by the Supreme Court of the United States, on certiorari, in *Duren v. State of Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579, 1979. On January 15, 1979, the Supreme Court of the United States held that its holding in *Duren* as to the unconstitutionality of the pertinent Missouri statutes and method employed thereunder permitting women automatic exemption from jury service based solely upon gender was to be given retroactive application to the date of its decision in *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). *Lee v. State of Missouri,* 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979).

■ Since the decisions in *Duren* and *Lee,* supra, this Court has recalled mandates of affirmance and reversed and remanded convictions for new trials in numerous cases where the jury was clouded by the unconstitutional method employed in jury selection as pertaining to service by women. See *State of Missouri v. Clark,* 583 S.W.2d 300 (1979), and cases cited therein. Indeed, many appeals came before this Court where the constitutional objection was made, preserved and presented on appeal before the matter was finally concluded by *Duren* and *Lee,* supra. The bulwark of many of these cases at the trial level was the same written stipulation, made a part of the record here, entered into by the State as to the methods employed by Jackson County in the selection of the yearly jury wheels, the drawing of names for the panels of prospective jurors for the various cases, the resulting proportion of women representatives on such

panels, and the various forms used for obtaining information and expression of a woman's desire not to serve. This stipulation was confined to the year 1976. However, by oral stipulations by the prosecutor in the records and, in some cases, by written stipulations, all on file in this Court, the fact is clear that the same process of selection (condemned and declared unconstitutional in *Duren*) was employed in the year 1977. This Court has therefore applied the *Duren* rule in 1977 cases, with only one exception. That exception is where the constitutional question was neither raised nor any proof in support thereof offered at the trial level, but raised for the first time on appeal. See: *State of Missouri v. William J. Williamson,* 584 S.W.2d 628 case No. KCD 30,342, decided June 11, 1979.

For opinions of this Court (other than those cited in *State of Missouri v. Clark,* supra) in which the stipulation and facts shown as to the method of jury selection and the results of the application of such methods as it applies to the availability or service of women as jurors where held to apply under *Duren* to 1977 jurors see: cases cited above and *State of Missouri v. Jasper Madison, Jr.,* KCD 29,639, decided December 27, 1978; and *State of Missouri v. Brown,* 577 S.W.2d 163 (1979).

Since the jury involved in the case at bar was drawn from the 1977 jury wheel of Jackson County, Missouri, as conceded by both parties in their briefs, the authority of the foregoing cases is applicable and binding here. Further exposition or reiteration of this Court's oft stated position as thus expressed would be of no value.

The remaining points on appeal raised by appellant raise the sufficiency of the indictment to afford jurisdiction to submit to the jury the charge of assault with intent to rape (Point I); error in the submission of the charge of sodomy (Point II); and, error in Instruction No. 14, on the matter of common intent of coactors or those acting with common purpose alleged to have deviated from MAI–CR 2.12. It is unnecessary to rule these points on this appeal since upon retrial such may not again arise.

The judgment below is reversed and the cause is remanded for a new trial.

All concur.