Cleona DORSEY, Appellant,

v.

Vivian ROBINSON et al., Respondents.

No. 40788.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 19, 1980.

Application to Transfer Denied
July 15, 1980.

Samuel A. Goldblatt, William R. Kirby,
St. Louis, for appellant.

Ben Ely, Jr., Kortenhof & Ely, Eugene K.
Buckley, Evans & Dixon, Gerre S. Langton,
St. Louis, for respondents.

REINHARD, Judge.

Plaintiff appeals from a verdict in favor
of the defendants in an automobile personal
injury case.

Plaintiff raises the following as her sole
point on appeal:

> The trial court erred in failing to read
> verbatim Missouri Approved Instruction
> 2.01 to the jury and instead embellished
> said instruction with its own comments,
> explanation, and legal examples because
> Rule 70.02, V.A.M.R. required MAI 2.01
> to be read verbatim and without embel-
> lishment and the trial court's failure to do
> so resulted in the trial court's instruction
> not being simple, brief and uniform; in-
> jected false issues into the case; and pre-
> sumptively prejudiced plaintiff's right to
> a fair and impartial trial.

Defendants argue that plaintiff failed to
both preserve her point and to make a
submissible case, and that therefore any
error in the instruction was immaterial.

Here, the trial judge read to the jury the
entire MAI 2.01 instruction, however, he
interrupted his reading of the instruction to
explain in simplified terms the rationales
underlying some of the rules stated in the
instruction and also to explain certain other
trial events and procedures not covered by
the instruction. The instruction was mark-
ed Instruction No. 1, placed with the other
instructions and taken to the jury room by
the jury.

After the trial judge finished his com-
ments and out of the hearing of the jury, he
invited objections. Both defendants object-
ed with considerable specificity. The trial
judge asked if there were any further ob-
jections. The plaintiff failed to object.

In plaintiff's motion for new trial she alleged:

11. The court erred in highlighting and making comments to the jury while reading Instruction No. 1 to the jury as it unduly highlighted portions of that instruction, which is a deviation of MAI.[1]

The comments made by the court here seem to be similar to those made by the court while reading Instruction No. 1 to the jury in the case of *Washington v. Sears, Roebuck and Co.*, 585 S.W.2d 137 (Mo.App. 1979). Apparently they resemble those made during the preliminary instructions in the criminal cases of *State v. Cross*, 594 S.W.2d 609 (Mo. banc 1979) and *State v. Ward*, 588 S.W.2d 728 (Mo.App.1979).

In *Washington* and *Cross* objections were timely made and the cases reversed. The reviewing courts in *Washington* and *Cross* in effect told the trial courts: "This practice shall not continue." The Supreme Court, in *Cross*, explained the problem: "The delivery, as here, of lengthy oral explanations, talks, comments, chats, homilies or whatever they may be called, invites confusion and disagreement later among the jurors as to what exactly the judge did say and whether his oral remarks prevailed over the written instructions or vice versa." 594 S.W.2d at 610.

In *Ward* we were presented with a different situation. There, the defendant did not object to the court's comments at the first opportunity. After repeating the *Washington* case's admonition against oral digressions by trial judges during the readings of approved form instructions, we held that defendant's failure to object at the first opportunity constituted a waiver of the claimed error. Here, the plaintiff did not object to the comments during trial and as in *Ward* we find that she therefore waived the claimed error.

Since the error which plaintiff now complains of was not properly preserved and presented to the court we now determine whether we should consider it under the plain error doctrine.

Rule 84.13(c) provides: "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

We do not read *Cross* as requiring a reversal in every case where the court has interspersed comments with the reading of one of the preliminary MAI instructions. We are cognizant that the Supreme Court has mandated the use of MAI instructions and has criticized the making of comments in connection therewith; however, we also realize that the Supreme Court has mandated a strict adherence to procedures of preserving trial court error.

In light of these principles and Rule 84.13(c) we find no plain error. The plaintiff has failed to demonstrate in her point on appeal and argument thereunder how the court's comments prejudiced her or affected the outcome of the trial.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

---

1. Even if the complained of comments were to be considered part of the instruction thereby enabling plaintiff under Rule 78.07 to initially claim error in the instruction via a specific objection in her motion for new trial, here, plaintiff's objection in her motion for new trial would have been insufficient because it lacked the specificity necessary to preserve an objection for review. *Laclede Inv. Corp. v. Kaiser*, 541 S.W.2d 330, 333 (Mo.App.1976).

During oral argument to this court, plaintiff alleged that the trial court, while overruling defendants' objections to the court's embellishment of MAI 2.01, invited all parties to make later specific objections. While the comments made by the trial court when overruling defendants' objections are subject to varying interpretations; even assuming plaintiff's interpretation is correct, it will not help her here on appeal because she made no objection and therefore she cannot raise this issue for the first time in her motion for new trial.