STATE of Missouri, Respondent,

v.

Paul BEHRMAN, Appellant.

No. 41788.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 20, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

London, Greenberg & Fleming, C. John Pleban, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

WEIER, Judge.

Defendant appeals his conviction of assault with intent to maim with malice aforethought and a sentence of five years imprisonment.

■ Defendant contends along with other errors that the trial court committed reversible error when in reading the text of preliminary instructions MAI-CR 1.06, 2.01 and 2.02 it interspersed explanatory comment with the text of the instructions as they were being read. The trial court's comments cover some twenty-four pages of the transcript. Defense counsel objected to the court's remarks after they were given to the jury. This issue involving the same practice was considered by the Missouri Supreme Court in *State v. Cross*, 594 S.W.2d 609 (Mo.banc 1980). There the court held such deviations from the written instructions were reversible error. No exception can apply here.

■ In another point defendant contends that the trial court erred in refusing to sustain appellant's motion to dismiss when the State filed a substitute information in lieu of indictment in that the State did not obtain leave of court to file the substitute information which sought to change the nature of the offense charged. Further, defendant was not afforded a preliminary hearing on the criminal information filed against him.

The record on appeal shows that the body of the indictment filed on January 17, 1978, charged that defendant, acting with others, "feloniously, willfully, on purpose and of their malice aforethought did make an assault upon one WILLIAM CROSS . . . with the intent . . . to maim the said WILLIAM CROSS; contrary to 559.180, RSMo." Both appellant and respondent admit in their briefs that the cover sheet of the indictment charged appellant with "assault with intent to maim with malice."

The record on appeal shows that appellant was arraigned on January 25, 1978, at which time he pled not guilty. The substitute information in lieu of indictment was filed on June 7, 1978. The language of the information was identical to the terms of the indictment filed on January 17, 1978. The cover sheet, however, of the information charged appellant with "assault with intent to maim with malice aforethought."

Appellant relies on the case of *Hardnett v. State*, 564 S.W.2d 852 (Mo.banc 1978) as support for his position. In *Hardnett, supra*, the cover sheet of the indictment charged "assault with intent to maim with malice." The language of the indictment is identical to the language contained in the body of the indictment in the present case. In *Hardnett, supra*, the sole contention on appeal was that appellant's six-year sentence was in excess of the maximum prescribed by § 559.190, RSMo 1969.[1]

The State contended that the terms "malice" and "malice aforethought" were interchangeable. The Supreme Court reversed and remanded with instructions holding that the terms were not interchangeable and an assault with intent to maim was a violation of § 559.190 and an assault with intent to maim with malice aforethought was a violation of § 559.180. Section 559.-190, RSMo 1969, prescribed imprisonment in the penitentiary for not more than five years, or in the county jail for not less than six months. Section 559.180, RSMo 1969, prescribed a punishment of not less than two years and therefore, the maximum sentence could be life imprisonment.

We do not find *Hardnett* controlling in the case at bar. The appellant in *Hardnett, supra*, pled guilty to the charge of "assault with intent to maim with malice." There was no reference to "malice aforethought" in the guilty-plea proceedings. Further, the copy of the judgment showed the appel-

---

1. Both §§ 559.180 and 559.190, RSMo 1969, were repealed by laws of Missouri 1977, p. 662.

lant pleaded guilty to assault with intent to maim with malice. *Hardnett, supra* at 853.

In the present case, appellant pled *not* guilty to an indictment charging assault with intent to maim with "malice afore-thought." Further, the indictment charged a violation of § 559.180 as did the substitute information. The verdict-directing instruction submitted to the jury required that they find that the assault was made with "malice aforethought" in order to convict the appellant and "malice aforethought" was defined for the jury. There could be no question that the defendant was being prosecuted for a violation of § 559.180. *See State v. Lane*, 371 S.W.2d 261, 264 (Mo. 1963). We rule this point against the defendant and sustain the validity of the information.

Other points raised by the defendant concern trial error and in view of our disposition of the case consider it useless to discuss them because they may not reoccur upon retrial. Because of the comments of the court given during the reading of the instructions, the judgment must be reversed and remanded.

PUDLOWSKI, P. J., and GUNN, J., concur.