STATE of Missouri,
Plaintiff-Respondent,

v.

Rodney HARVEY, Defendant-Appellant.

No. 42709.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 3, 1981.

Timothy F. Devereux, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

Rodney Harvey was charged with two counts of robbery first degree and one count of armed criminal action. After being found guilty on all counts, the court assessed punishment at five years each on the robbery counts and three years on the armed criminal action. The five years on each robbery count were to be served consecutively and the three years on the armed criminal action were to be served concurrently with the other sentences. From this judgment the defendant appealed setting out on appeal five contentions of trial court error. Because of their prejudicial effect, so defendant contends, he is entitled to a new trial.

No contention is made with regard to the sufficiency of the evidence. A brief statement of the facts, therefore, suffices. Kathryn Nelson and her daughter were in a restaurant in the 4100 block of Grand Avenue in St. Louis, Missouri. Defendant was also in the restaurant; and after the mother and daughter left the restaurant and got in their automobile, they saw this same young man, the defendant, Rodney Harvey, at the passenger side of the car with a gun in his hand who ordered them to surrender their purses, rings and watches and who told them to "hurry up." The victims turned over their property to the defendant and he together with another young man ran off in a westwardly direction. They gave a description of the robbers to the police after this incident and two hours later they went to the police station, identified the defendant and recovered their stolen property.

Complaint is first made that the court during voir dire examination of the jury panel and before the jury was sworn embellished, interpreted and commented upon pattern instructions including MAI–CR 2.01, 2.02, 1.02 and 1.06 and other instructions read to the jury later during the trial of the cause in that the court commented upon a newspaper article to the jury about a dispute in St. Louis County between the prosecutor and a judge in regard to the function of the court in sentencing defendants who have been found guilty by the jury verdict. This had resulted in extensive news media coverage. Defendant's counsel now complains that the comments of the judge in the instant case deviated from pattern instructions, confused the judge-jury rule and prejudiced the defendant when he informed the jury that the judge would determine whether the time imposed by the jury should run concurrently or consecutively; and further that the court told the jury that the court alone had authority to reduce but not raise the punishment. In support of this contention of error, defendant relies on *State v. Cross*, 594 S.W.2d 609 (Mo.banc 1980) and *State v. Baker*, 595 S.W.2d 801 (Mo.App.1980). In both of these cases the judge gave an oral explanation of approved instructions MAI–CR 2.01 and 2.02 after the jury had been sworn. The Supreme Court condemned this presentation by stating:

"The delivering, as here, of lengthy oral explanations, talks, comments, chats, homilies or whatever they may be called, invites confusion and disagreement later among the jurors as to exactly what the judge did say and whether his oral remarks prevail over the written instruc-

tions or vice versa. No one can tell what the effect will be of bringing the matter of review by appellate courts to the attention of the jury, nor what the effect would be of telling the jury that the way the case is tried is that each side puts on evidence to prove their facts, but that the defendant is under no burden to put on any evidence."

After this condemnation the court stated: "Perhaps there are circumstances where minor deviations from the prescribed course would be justified. If so, we make no attempt at delineation here, except to say the present example is not one which can be approved." *State v. Cross, supra*, at 610.

In both of these cases objections were made to this explanatory undertaking by the court after the jury had been selected and sworn to try the case. In the instant case the court's comments were made during the questioning of the panel from which a jury was selected but before any selection had been made and before the jury itself was sworn.

 There are several reasons why we believe the proscription found in the *Cross* and *Baker, supra,* cases do not apply here. To begin with counsel made a general objection at a conference at the bench when the judge indicated that he was going to explain the matter of sentencing to the jury panel by stating: "I'll make a general objection and then if it—if there's need for a Motion for New Trial I'd ask leave to make the more specific objections at that point." At the conclusion of the conference held out of the hearing of the jury, the court then proceeded to explain to the jury panel the matters involving the role of the court and the jury in determining punishment. No objection was made to the court's presentation in the presence of the panel and no further objection was made by counsel until the question was raised in the motion for new trial after the defendant had been found guilty by the jury. The contention of error, therefore, has not been preserved for appellate review because only a general objection was made to the court's proposed comments. A trial court must be given an opportunity to rule upon an objection after hearing the reasons for exclusion and a mere general objection unsupported by reasons preserves nothing for review. *State v. Marshall,* 571 S.W.2d 768, 772 [5] (Mo.App. 1978). *See also, State v. Lang,* 515 S.W.2d 507, 511 [6, 7] (Mo.1974). Here, as a matter of trial strategy, defendant's counsel waived a specific objection until a motion for new trial would be filed. This gave the trial court nothing to rule on at the time it proposed to comment upon the subject of punishment.

 Secondly, it should be pointed out that the trial court is vested with broad discretion in controlling voir dire examination of a jury panel. It is only when the court's conduct in ruling is a clear, manifest and prejudicial abuse of discretion that the appellate court will interfere. *State v. Byrne,* 595 S.W.2d 301, 307 [6, 7] (Mo.App. 1979); *State v. Francis,* 544 S.W.2d 306, 312 [4] (Mo.App.1976). In both these cases there was much discussion by the court and the attorneys with regard to punishment, probation, parole and executive clemency. Here because of the broad discretion vested in the trial court in controlling voir dire examination of the jury panel, we do not believe that the conduct of the court and its rulings should be disturbed in this case. An examination of the record presented to us does not indicate that there was any real prejudice to the defendant. Nothing that was said would have caused the jury to have felt that the trial judge held any personal beliefs that the defendant was guilty. The evidence against the defendant on the other hand was strong and convincing. It supported the charges brought against him and there is no indication of prejudice to defendant from the inquiry and statements that were made. This point is therefore ruled against the defendant.

██ Defendant next contends that the trial court committed error prejudicial to the defendant when during the course of direct examination of one of the victims the State's attorney requested the court to ask the defendant to repeat the phrase: "I want your purse, I want your rings." The

witness had just testified that these were the words that he used when he announced the holdup. A general objection was interposed and the prosecutor did not pursue the matter. No relief was requested at that time. Then at a later time, the court inquired of the prosecutor as to whether he wanted to pursue the matter of voice identification. At that time the State's attorney announced that he would drop the matter. Again, the defendant did not complain about the prior request nor did he request any relief from the court. Since the trial court was never given an opportunity to rule on any objection and was not requested to take any corrective action, we cannot now convict the trial court of any error in failing to grant a mistrial. Furthermore, when an improper question is asked but not answered, there generally is no prejudicial error. *State v. Harris*, 564 S.W.2d 561, 575 (Mo.App.1978); *State v. Holland*, 530 S.W.2d 730, 733 [4] (Mo.App.1975). We rule this point against the defendant.

We turn now to the third point relied on. Here the defendant complains of the failure of the trial court in not granting a mistrial when the prosecuting attorney asked Detective Mokwa what, if anything, the appellant said after the officer advised him of his constitutional rights subsequent to his arrest. Defense counsel objected that this was a direct reference to the defendant's right against self-incrimination. The record discloses the question came in after the officer had testified with regard to making the arrest of the defendant and had advised him of his constitutional rights. The prosecutor then asked the detective whether the defendant understood what the officer had told him. The officer replied in the affirmative and the question was then asked: "What if anything did he say?" The court sustained the objection but overruled the motion to order a mistrial. The record indicates that the question was never answered.

Taken in the context of the questions directed to Detective Mokwa who never answered the question, the prosecuting attorney's question indicated an attempt to determine that the defendant understood his constitutional rights. The situation is simi-

lar to that presented in *State v. Leonard*, 606 S.W.2d 403, 407–8 (Mo.App.1980) where the arresting officer was asked as to whether he took a statement after defendant was arrested. There, the witness replied that an actual statement was never obtained and the defendant objected contending that the final exchange between the court and the witness constituted a comment on defendant's constitutional right to remain silent. The opinion pointed out the answer to whether the privilege was denied or the right violated is found in the ultimate test: Were the challenged remarks reasonably apt to direct the jury's attention to the fact that the defendant refused to speak on his behalf? The court determined that in the context in which the remark was made and considering the general line of inquiry, the jury would be far more likely to view the remark as an indication that the police made no further attempt to question the defendant rather than an indication that the defendant was questioned and had elected to remain silent. We believe the construction here would be that the prosecutor was attempting to bring out the fact that defendant by his statement understood his rights. *See also, Eichelberger v. State*, 524 S.W.2d 890, 894 (Mo.App.1975). Additionally, the lack of prejudice is further supported by the fact that the defendant later made a voluntary confession which was admitted into evidence and read to the jury. If any error was caused by the prosecutor's question, it was made harmless by the introduction of this later statement of the defendant.

We consider the fourth point relied on. Here the defendant contends he sustained prejudicial error when the court granted and sustained the State's challenge for cause of venireman Leroy McKinnis in that there was no showing by the voir dire questions of the prosecutor that this panel member was prejudiced against the State on the issue of identification testimony and punishment and further that the defense rehabilitated this juror on those issues. If such a complaint is justified, then defendant would be entitled to a new trial because he

is entitled to a full panel of qualified jurors before he makes preemptory challenges. But here again this is a discretionary matter with the trial court and the exercise of this discretion will not be reversed unless its action in striking the venire person is so manifestly without justification in the record that it shows an abuse. *State v. Lovell*, 506 S.W.2d 441, 443 [1, 2] (Mo. banc 1974).

A review of the record reveals why the court excused venireman McKinnis. In his early interrogation he disclosed that he had two brothers who served time in the state penitentiary. Upon subsequent examination as to what particular evidence would be required to cause him to believe the testimony of an eyewitness, he stated he would require more than the testimony of that person because of the experience that one of his brothers told him wherein the brother was found guilty based upon the testimony of eyewitnesses and their eyesight was bad. Later on cross-examination he was asked if he could give the State a fair trial in the case on every issue and he replied: "On the evidence, and I would judge by that." He said he would be guided by the evidence and would have an open mind on the evidence. In a subsequent conference held to make challenges to the panel, the court stated that the answers of McKinnis' the day before would indicate that he could not be a fair juror. Then later he indicated he could be. The court then asked the attorneys if they wished to ask any further questions and none so indicated. Defendant's counsel objected to challenging McKinnis for cause but the court sustained the challenge. We cannot see any abuse of discretion by the court. As set forth in *State v. Lovell, supra* at 444, in exercising its discretion the court should rely upon the facts stated by the juror with reference to his state of mind and should not be allowed to depend upon the juror's conclusions whether he could or would divest himself of a prejudice he admitted to exist in his mind. The venireman here indicated that he had a state of mind which would require him to place a greater burden on eyewitness testimony than the law requires. We believe that the judge acted properly in excusing him.

The defendant complains of the conviction and sentence of three years for the offense of armed criminal action. Under the authority of *State v. Haggard*, 619 S.W.2d 44 (Mo.banc 1981), the conviction of armed criminal action where defendant was also convicted of robbery in the first degree arising out of the same occurrence is a violation of the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States; and as such, defendant must be discharged as to the conviction for armed criminal action.

The judgment and sentence of terms of five years on each of Counts I and II of the information for robbery in the first degree, to be served consecutively, are affirmed, and the judgment and sentence for armed criminal action is reversed.

PUDLOWSKI, P. J., and GUNN, J., concur.