**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Stanley L. BABBITT,
Defendant-Appellant.**

No. 42403.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 4, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Applications to Transfer Denied
Oct. 18, 1982.

Shaw, Howlett & Schwartz by Ronald J. Kaden, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen. by John C. Reed, Kristie Green, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

SATZ, Judge.

Defendant was convicted of robbery in the first degree, § 560.120 RSMo 1969 and armed criminal action, § 559.225 RSMo 1976 Supp. He was sentenced to five years on the robbery count and eight years, concurrent, on the armed criminal action count. We affirm the former sentence and reverse the latter.

Around midnight on October 23, 1978, the defendant and a companion, Wes, left a party in search of marijuana. This errand brought them to the victim's apartment in St. Louis County. According to the victim, the defendant and Wes entered the apartment and forced the victim and a friend of hers to lie on the floor. The defendant then stood over the victim and her friend with a shotgun pointed at their heads while Wes ransacked the apartment. The defendant spoke to the victim, telling her to shut up and keep her face to the floor. After approximately 20 minutes, the two men left with a man's leather coat, $200 in cash, a radio and a small wooden box.

The victim recognized the defendant as a childhood acquaintance of her younger brother. She identified him in court. The victim's version of the incident was corroborated by the defendant's written confession in which he admitted he held "both of the people down on the floor [and] . . . he had a shotgun."

Defendant's first assertions of error center on remarks made by the trial judge prior to voir dire and prior to the reading of MAI–CR 1.02.[1] Defendant contends these introductory remarks confused the jury be-

---

1. Defendant was charged with criminal conduct occurring in October, 1978. The effective date of the new criminal code was January 1, 1979. Thus, the instructions and Notes on Use of MAI–CR rather than MAI–CR2d applied to this trial. *State v. Strickland,* 609 S.W.2d 392, 396 (Mo. banc 1980).

cause the jury could not determine whether to follow these remarks or the written instructions subsequently given by the court. We disagree.

On the morning of voir dire, the trial judge greeted the jury panel, told them the court would recess for lunch shortly, urged them to return from lunch on time and sit in designated seats. After the noon recess, the judge again greeted the jurors, explained to them that they would be hearing a criminal case, introduced counsel and introduced court personnel. He also explained the necessity of counsel asking personal questions and the necessity of counsel making objections. Shortly before reading MAI–CR 1.02, he told the jurors "to pay close attention to the instructions as well as all instructions which the court read to you because they are technical in nature and many times lawyers disagree upon what they mean."

■ Admittedly, a trial judge's oral explanation of written instructions has been condemned. *State v. Cross,* 594 S.W.2d 609 (Mo. banc 1980); *State v. Baker,* 595 S.W.2d 801 (Mo.App.1980). However, there are several reasons why the condemnation in *Cross* and *Baker* does not apply here. First, in *Cross* and *Baker,* the judges' remarks were made over the defendant's objections. Here there was no objection at trial, and the matter has not been properly preserved for review. *State v. Byrne,* 595 S.W.2d 301, 306 (Mo.App.1979) *cert. denied,* 449 U.S. 951, 101 S.Ct. 355, 66 L.Ed.2d 215 (1980). Second, since there was overwhelming evidence against defendant, no "manifest injustice or miscarriage of justice" resulted from the judge's remarks and, thus, we do not find "plain error." [2] Rule 29.12(b). Third, even if the matter were preserved, no prejudice was worked against defendant. This is not a case where the trial judge interspersed extended explanatory comments throughout the reading of the preliminary instructions to the selected jury. *See State v. Behrman,* 613 S.W.2d 666, 667

(Mo.App.1981). The court's comments here were, at best, perfunctory and were made before the jury was selected and sworn. Defendant's real complaint is against duplication and overemphasis. The judge introduced counsel, which is a function of MAI–CR 1.06. He explained that counsel may ask personal questions and make objections. This information is also given in MAI–CR 1.02 and 2.02. If this conduct is a deviation from the prescribed course, it is a minor one. We fail to see how giving this necessary and neutral information to the jury twice instead of once could be prejudicial.

■ Defendant also complains because the court told the jury that they should listen carefully to the instructions "because they are technical in nature and many times lawyers disagree upon what they mean." Clearly, this was to invite the close attention of the jurors, and so was well intended. But it is not so clear that telling the jurors lawyers disagree about instructions will have a good, rather than a bad effect. The purpose of instructions is to inform the jury of the applicable substantive law in a manner that will be understood by average lay people. *State v. Crews,* 585 S.W.2d 131, 134 (Mo.App.1979). We cannot approve of telling jurors, in effect, that they are about to hear instructions which customarily confuse lawyers. Even so, we cannot say that the trial court's remark was in fact prejudicial or that it resulted in a miscarriage of justice.

This case is closely akin to one recently before our court in *State v. Harvey,* 625 S.W.2d 198, 200 (Mo.App.1981) and the rationale for the ruling there applies here:

"Here because of the broad discretion vested in the trial court in controlling voir dire examination of the jury panel, we do not believe that the conduct of the court and its rulings should be disturbed in this case. An examination of the record presented to us does not indicate that there was any real prejudice to the defendant. Nothing that was said would

---

**2.** Defendant does not explain the absence of any objection and does not invite us to consider the alleged error as "plain error." We can, of course, do so sua sponte, *State v. Higgins,* 619 S.W.2d 94, 95 (Mo.App.1981).

have caused the jury to have felt that the trial judge held any personal beliefs that the defendant was guilty. The evidence against the defendant on the other hand was strong and convincing. It supported the charges brought against him and there is no indication of prejudice to defendant from the inquiry and statements that were made. This point is therefore ruled against the defendant." *Id.*

Defendant next complains that comments made by the prosecutor during voir dire constituted an improper attempt to define "reasonable doubt." The origin of this complaint is in the following exchange:

"[Prosecutor]: The next thing I want to talk about is burden of proof. The burden of proof is on the State.

I represent the people of the State, and we have the burden of proving the defendant guilty beyond a reasonable doubt.

[Defense Counsel]: Judge, I object to that question. Being improper voir dire.

[Prosecutor]: I am not sure on what basis, Your Honor.

THE COURT: Well, no. I will overrule the objection. I think we need to go into that. And the jury needs to know about the difference.

I will overrule it.

[Prosecutor]: Do all of you understand that the State has the burden of proving the defendant guilty beyond a reasonable doubt? Is there anyone here who has a problem with that or thinks that shouldn't be so?

Is there anyone here who would hold the State to a different burden than beyond a reasonable doubt? Either higher or lower?

[Defense Counsel]: Judge, I object. You will instruct the jury on the law at the conclusion of the case.

THE COURT: The Court will instruct the jury.

[Prosecutor]: Your Honor, I don't think this goes to definition. I just want to see if they will follow it.

THE COURT: I think you have asked them sufficiently. As to the last question, I will sustain the objection."

The court, not counsel, instructs the jury on the law. *State v. Smith,* 422 S.W.2d 50, 68 (Mo. banc 1967) *cert. denied,* 393 U.S. 895, 89 S.Ct. 150, 21 L.Ed.2d 176 (1968). Thus, when "reasonable doubt" is used in an instruction, it is improper for counsel to explain or define "reasonable doubt." *State v. Lumsden,* 589 S.W.2d 226, 229 (Mo. banc 1979) *cert. denied,* 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980); *State v. Van,* 543 S.W.2d 827, 830 (Mo.App. 1976). It is not error, however, for counsel to merely refer to or discuss reasonable doubt without defining it. *State v. Ball,* 622 S.W.2d 285, 288 (Mo.App.1981); *State v. Simmons,* 602 S.W.2d 13, 16 (Mo.App.1980). Here, the prosecutor's first mention of reasonable doubt was his statement that the state had the burden of proving the defendant guilty beyond a reasonable doubt. This was simply a statement of the burden of proof and not an attempted definition. Arguably, it may have been a usurpation of the court's prerogative to instruct the jury. *State v. Van, supra* at 829–830. If this is error, it is not prejudicial. The statement was correct and there was no attempt to define reasonable doubt. It would not have prejudiced defendant. *Id.* at 829–830.

Defendant's attack on the prosecutor's remaining references to reasonable doubt is not clear. Defendant received the relief he asked for. The court sustained his objection to the last question asked about reasonable doubt. As far as the record shows, defendant did not ask for any further relief. If a more drastic remedy was warranted, it was the responsibility of counsel to request that relief. "Where no such request is made, it is assumed that the corrective action taken by the court is adequate." *State v. Mabry,* 602 S.W.2d 1, 2 (Mo.App.1980). Even now, on appeal, defendant does not complain that additional corrective measures were needed. If he did, this subsequent complaint would have come too late. *State v. Bibee,* 496 S.W.2d 305, 311 (Mo.App.1973).

Defendant next complains about the giving of Instruction No. 10, a modification

of MAI–CR 2.74.[3] During the instruction conference, defendant made a general objection to this instruction [4] and this general objection was repeated as an assertion of error in his motion for new trial.[5] Now, on appeal, defendant makes the specific complaint that the instruction omitted two sentences from MAI–CR 2.74 which would have informed the jury that each count must be considered separately.[6] Since defendant made no specific objection to the omission of those sentences at the instruction conference or in his motion for new trial, he has not preserved this objection for review. Rule 28.03; *State v. Harris,* 564 S.W.2d 561, 571–572 (Mo.App.1978).

Nonetheless, we have examined the giving of Instruction No. 10 for possible "plain error" and have found none. An instruction patterned on MAI–CR 2.74 is proper. *State v. Tilley,* 569 S.W.2d 346, 348–349 (Mo.App.1978). In *Tilley* a modification of MAI–CR 2.74 which included the two sentences omitted here from Instruction No. 10 was given to the jury. The defendant in *Tilley* contended these two sentences were misleading. In rejecting that argument, this court stated that the two sentences may be "surplusage" in a robbery-armed criminal action case, but their inclusion was not error. *Id.* at 349. Clearly, the teaching of *Tilley* is that the use of an instruction such as No. 10 was appropriate, and that while including the two sentences would have done no harm, their omission would not be error. Moreover, defendant's specific complaint is that the jury was not informed that "each count and each offense submitted against the appellant must be considered separately." This same complaint was considered under the plain error doctrine and rejected by our Supreme Court in *State v. Arrington,* 559 S.W.2d 749 (Mo. banc 1978) because "[u]pon reading all the instructions taken together, it is clear that the jury knew that it could find appellant guilty or not guilty on either or both counts." *Id.* at 750. This same reasoning applies here. Separate verdict directing instructions were given on each charge, set-

---

**3.** Instruction 10 reads:
"INSTRUCTION NO. 10
The defendant is charged with two separate offenses: robbery in the first degree and, also, armed criminal action in connection with the robbery.
You may find the defendant guilty of both robbery and armed criminal action, or guilty of robbery but not guilty of armed criminal action, or not guilty of robbery and armed criminal action."
MAI–CR 2.74 reads:
"Verdict Possibilities:
Burglary and Stealing—One Defendant
The defendant is charged with two separate offenses: burglary and, also, stealing in connection with the burglary. Each of those two charges and the evidence and law applicable to them should be considered separately. Any evidence which was or has been limited to one of the offenses charged or one purpose should not be considered by you as to the other offense charged or for any other purpose.
You may find the defendant guilty of both burglary and stealing, or guilty of burglary but not guilty of stealing, or not guilty of burglary and stealing (, or not guilty by reason of a mental disease or defect excluding responsibility)."

**4.** At the instruction conference, defendant's objection was:

"[Defense Counsel]: Your Honor, just to make a record here, of course my general objections to these instructions are preserved.
Specifically, at this time, let me further object to Instruction No. 10, which is a hybrid modification by the State. 'The defendant is charged with two separate offenses.' I think that is repetitive. I think it is confusing."

**5.** In his motion for new trial, defendant's assertion of error was:
"The Court committed prejudicial error in ... submitting to the jury over Defendant's objections Instruction No. 10, in that said instruction is not within the MAI and therefore should not be given, and it is further confusing, misleading and unnecessary, and is not supported by the facts nor is it consistent with the law."

**6.** On appeal, defendant's assertion of error is:
"The trial court committed error in submitting Instruction No. 10 to the jury in that said instruction failed to include two sentences referring to the fact that each count and each offense submitted against the appellant must be considered separately. The failure to include said sentences defeats the purpose of including an instruction of the nature codified by Instruction No. 10 in MAI–CR 2.74."

ting out the separate elements of each. A separate converse instruction was given to each verdict directing instruction. Four verdict forms were given, which entitled the jury to find the defendant guilty or not guilty of each offense. Thus, any confusion about the separateness of the counts was effectively eliminated by the instructions taken together. *State v. Arrington,* 559 S.W.2d 749, 750 (Mo. banc 1978). Furthermore, the two sentences omitted from Instruction 10 essentially do nothing more than emphasize the principal message of Instruction 10. We cannot find their omission was plain error resulting in manifest injustice, particularly, in view of the overwhelming evidence against defendant.

Defendant also contends his conviction for armed criminal action violated his rights against double jeopardy. We agree. A conviction of robbery first degree and of armed criminal action, resulting from the same incident, constitutes double jeopardy. *E.g., State v. Haggard,* 619 S.W.2d 44 (Mo. banc 1981) *cert. dismissed,* —— U.S. ——, 102 S.Ct. 1297, 71 L.Ed.2d 474 (1982). When this result occurs, the armed criminal action conviction must be set aside. *State v. Kane,* 629 S.W.2d 372 (Mo. banc 1981).

Defendant's conviction and sentence for robbery in the first degree is affirmed. Defendant's conviction and sentence for armed criminal action is reversed.

SMITH, P. J., and PUDLOWSKI, J., concur.