STATE of Missouri, Respondent,

v.

Eric TANKINS, Appellant.

No. 45332.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 1983.

Motion for Rehearing and/or Transfer
Denied July 6, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Joseph W. Downey, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted of stealing over $150.00, in violation of § 570.030, RSMo. 1978, and was sentenced as a persistent offender to five years in the Department of Corrections. He appeals. We affirm.

The evidence established that on June 9, 1981, at approximately 7:45 a.m., Sam Tedesco, the proprietor of a parking garage at 9th and St. Charles Streets in Downtown St. Louis, noticed the defendant walking up and down 9th Street near his garage. This continued for approximately 40 minutes. At approximately 8:20, Denise Dell drove her husband's 1980 Firebird into the driveway of the garage, left the keys in the ignition and went to work. This was a valet parking garage where the customer left the keys in the vehicle for a garage employee to park. Sam Tedesco saw Denise leave her car and he turned and walked toward the waiting room of the garage. When he turned around a moment later, he saw someone backing the Firebird out into the street.

He went into his office, grabbed a gun and gave pursuit in another automobile. Tedesco tried to cut the car off at 9th and Washington, but was unsuccessful. He got out of his car and fired a shot. At that point, three off-duty St. Louis police officers working for the Bi-State Bus Company observed this incident and gave pursuit in a Bi-State car. The police kept the car in sight at all times. They caught up with the car near 9th and St. Louis, after it crashed into a building, and arrested defendant at the scene. Defendant presented no evidence.

On appeal, defendant asserts the trial court erred in making oral remarks not authorized by the Missouri Approved Instructions after several instructions were read to the jury. After the jury was sworn and MAI–CR2d Instructions 1.06, 2.01, and 2.02 were read, the court made the following comments:

THE COURT: It is very important that you pay close attention to all of the evidence that you will hear from the witnesses who take the stand because you will be called upon when you go to your deliberations to recall that evidence and

to make your determination based upon what you can recall.

Defendant objected to the judge's remarks but failed to preserve this point in his motion for a new trial and requests that we review it as plain error. Rule 30.20. The state concedes that these remarks by the judge were not authorized. We acknowledge that the appellate courts have condemned a trial judge's oral explanation and amplification of the written instructions. *State v. Cross,* 594 S.W.2d 609 (Mo. banc 1980) (oral remarks extended through ten pages of the transcript); *State v. Behrman,* 613 S.W.2d 666 (Mo.App.1981) (oral remarks covered 24 pages of the transcript); *State v. Baker,* 595 S.W.2d 801 (Mo.App. 1980).

We find no merit to defendant's contention for two reasons. First, in *Cross, Behrman* and *Baker,* the defendant's contention had been properly preserved for review. In light of the overwhelming evidence of defendant's guilt here, we find no manifest injustice or a miscarriage of justice and therefore, no plain error. *State v. Babbitt,* 639 S.W.2d 196 (Mo.App.1982); *State v. Harvey,* 625 S.W.2d 198, 200 (Mo.App.1981). *See Dorsey v. Robinson,* 600 S.W.2d 59, 60 (Mo.App.1980).

Secondly, even if this point had been properly preserved for appellate review, it would be without merit. In *Cross, Behrman* and *Baker,* the courts held that the trial judges' discourse constituted a *lengthy* explanation on many subjects which could have invited confusion and disagreement among the jurors as to whether the oral remarks prevailed over the written instructions. This is not the situation here. This case is controlled by *State v. Babbitt,* 639 S.W.2d 196, 197–98 (Mo.App.1982), in which this court was confronted with a trial judge's brief deviation from the MAI instructions. There, this court held the "perfunctory" comments did not constitute error. 639 S.W.2d at 198. In this case, the trial judge's brief admonition to the jury to listen to the witnesses could not have confused the jury nor prejudiced the defendant. This point is ruled against defendant.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.