**STATE of Missouri, Respondent,**

v.

**Ernie GILLESPIE, Appellant.**

**No. 45972.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 29, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1984.

Application to Transfer Denied
Feb. 15, 1984.

---

Henry B. Robertson, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged and jury found defendant Ernie Gillespie guilty of kidnapping a brother and sister and of attempting to rape the 9-year-old girl. The court sentenced defendant as a prior offender to a total of 50 years in prison.

Defendant offered no evidence nor does he challenge the sufficiency of the state's evidence.

Here, defendant contends the trial court erred during voir dire by commenting on parts of Instructions MAI–CR 1.02 and 2.20 already read to the panel; and also erred in denying defense objection to the state's closing jury argument. These in turn.

The voir dire was intricate, particularly concerning similar remote experiences of some of the prospective jurors and their difficulties in being fair in a case as this concerning sexual abuse of a young child. Over a hundred transcript pages concern voir dire.

At issue is the trial court's comments during the voir dire of prospective juror Ms. Shanks. She knew of a similar case when she had worked for a physician. At first Ms. Shanks expressed doubt whether she could give defendant a fair trial. However on further questioning she declared she would follow the court's instructions, could fairly evaluate the testimony and could give both sides a fair trial.

This line of question brought the court's now-challenged comments. He twice commented on defendant's presumed innocence and the state's burden of proving him guilty beyond a reasonable doubt. Defendant then objected and sought a mistrial for the court's comments as improper explanations of the previously given MAI–CR instructions. The state now contends the challenged comments were not prejudicial. We agree.

Defendant relies on *State v. Clifton*, 549 S.W.2d 891[1–3] (Mo.App.1977). There the trial court refused to give MAI–CR 1.02 and instead read its own version in which there were "several material and prejudicial omissions". *Clifton* is not in point. Neither is defendant's cited case of *State v. Lindsey*, 578 S.W.2d 903 (Mo.banc 1979). There on voir dire the prosecutor's extensive comments on defendant's right to testify or remain silent were held by the court to have the effect of compelling him to testify. We believe neither case applies here where error is alleged by repetition of previously given correct instructions.

In contending there was no prejudicial error here the state relies on *State v. Harvey*, 625 S.W.2d 198[3–5] (Mo.App.1981).

There on voir dire the trial court embellished on MAI–CR 2.01. On appeal we found there was no real prejudice to the defendant—and we so find here. The HARVEY court ruled: "The trial court is vested with broad discretion in controlling voir dire."

We do not mean to commend the repetition of given instructions. However the repetition here was caused by the complex, lengthy voir dire. The court's repetition tended to emphasize the presumption of defendant's innocence and we hold it was harmless.

■ By his other point defendant claims error in the state's closing argument. The prosecutor argued:

"I want you to consider all of the evidence, every piece of evidence, every piece of testimony that you heard, and keep in mind, bear in mind too, folks, that merely because a person gives an inconsistent statement does not in and of itself create a reasonable doubt. It does not in and of itself create a reasonable doubt, a mere inconsistency."

Defense counsel vaguely objected to that argument because:

"... it can create a reasonable doubt in and of itself if the jury so finds that."

The trial court warned counsel to "argue the evidence rather than the law."

As said, defense counsel now contends the state's quoted argument was an attempt to argue the law rather than the evidence.

We need not determine the sometimes vague distinction between what jury argument is an impermissible definition of reasonable doubt, and on the other hand is merely a permissible comment on whether the state's evidence created a reasonable doubt in the jurors' minds.

Suffice it to say the trial court's ruling does not warrant a finding of reversible trial error in overruling defense counsel's vague objection to the state's closing argument.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.