STATE. of Missouri,
Plaintiff-Respondent,

v.

William NICHOLSON,
Defendant-Appellant.

STATE of Missouri,
Plaintiff-Respondent,

v.

Floyd LITTLE, Defendant-Appellant.

Nos. 66215, 66253.

Supreme Court of Missouri,
En Banc.

April 30, 1985.

Frank A. Anzalone, Antoinett G. Kirsch, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Margaret Jones, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HIGGINS, Judge.

Floyd Little and William Nicholson were convicted by a jury of forcible rape, Count I; sodomy, Counts II and III; and assault first degree, Count IV. The jury assessed punishment for Little at fifteen years on Counts I, II and III, to run concurrently, and ten years on Count IV to run consecutively; and for Nicholson at fifteen years on Counts I, II and III, to run concurrently, and fifteen years on Count IV to run consecutively. Following affirmance by the court of appeals, this Court granted transfer to determine whether the trial court committed reversible error by unsolicited comments on the appellate process. Reversed and remanded.

After giving the applicable Missouri Approved Instructions for submission of these cases to the jury, and after counsel's closing arguments, the trial court made these comments:

If you have any question, it has to be written out and signed by the foreperson. The chances are you're going to get an answer which will say, "The Court is not permitted to answer the question." That will be one answer. The other answer will be, "Please be guided by the Court's instructions." And the jury throws up its hands and says, "That wasn't any answer to the question." Well, the reason you get those kinds of

answers from me anyway, is because a Judge is never supposed to influence a jury on what verdict to reach, and if I give you any other answer, it might be claimed that I tried to influence your verdict. Also, the appellate courts in this State, the higher courts, are very conservative about what they will let a Judge do in answer to a jury's question, and many cases have been reversed and had to be tried all over again because a Judge answered a question by a jury.

A recess followed before the jury retired during which counsel made appropriate objection and moved for mistrial. The motion for new trial reiterated the allegation of error.

Appellant contends these comments were prejudicial instructions to the jury not contained in the Missouri Approved Instructions for Criminal Cases; implied to the jurors that the court believed a verdict of guilty was both proper and expected and that caution should be exercised to make sure the expected verdict would not be later overturned; improperly informed the jury of defendant's right to appeal thus inviting the jurors to abdicate their primary responsibility of fact finding; and improperly inhibited the jurors in their deliberations and may have prevented them from asking questions which they felt were proper.

Respondent argues the trial court's comments strengthened the jury's sense of duty and responsibility for decision making.

A trial court's comments on the ease of overturning a jury verdict in an appellate court simply because a jury's question is answered, can hardly be seen as strengthening the jury's sense of duty. "[S]uch a statement cause[s] the jurors to relax the caution and deliberation in making a finding of fact or facts from the evidence in accordance with their duty, and to surrender, in whole or in part, their functions and responsibilities as fact finders, and to make a finding without attaching to themselves the odium of error, with a thought that a mistake could be corrected by another au-

thority in the process of appeal or review." 5 A.L.R.3d 974, 977 (1966).

No one can tell what the effect will be of bringing the matter of review by appellate courts to the attention of the jury. *State v. Cross*, 594 S.W.2d 609 (Mo. banc 1980). References to appeals can "weaken the jurors' sense of obligation in the performance of their duties." *People v. Johnson*, 284 N.Y. 182, 30 N.E.2d 465 (1940). *See also U.S. v. Fiorito*, 300 F.2d 424 (7th Cir.1962); *Price v. State*, 149 Ga.App. 397, 254 S.E.2d 512 (1979). This is not a case where the court's comment was prompted by a question from the jury; or by a suggestion from defense counsel, addressed to the attorneys, and with the purpose of making the written record clear, as in *State v. Brookshire*, 353 S.W.2d 681 (Mo.1962), *cert. denied*, 371 U.S. 67, 83 S.Ct. 155, 9 L.Ed.2d 119. Nor is this a case where the court refers to the possibility of appeal and then instructs the jury to disregard its comment. *See Hernandez v. State*, 507 S.W.2d 209 (Tex.Crim.App.1974).

Delivery by the trial court of lengthy explanations, talks, comments and chats, invites confusion and disagreement later among the jurors. *Cross*, 594 S.W.2d at 610. The trial court's comments here were not as lengthy as those in *Cross*, nor as those in *Duebelbeis v. Dohack*, 615 S.W.2d 488 (Mo.App.1981), and *State v. Behrman*, 613 S.W.2d 666 (Mo.App.1981). Nevertheless, their effect was prejudicial. The implication was that questions by the jury would result in a reversal—and quite possibly that the verdict which would be reversed was a "guilty" one. The jury was dissuaded from asking questions that might have affected its verdict; and the jury was on notice that whatever verdict it reached could be changed. Such notice has been held improper where the comment went to the possibility of parole or probation. *State v. Cornett*, 381 S.W.2d 878, 881 (Mo. banc 1964); *State v. Lewis*, 443 S.W.2d 186, 190 (Mo.1969). *See State v. Byrne*, 595 S.W.2d 301, 307 (Mo.App.1979), *cert. denied*, 449 U.S. 951, 101 S.Ct. 355, 66 L.Ed.2d 215 (1980).

No doubt the trial court was trying to inform the jury and meant no harm; nevertheless, the comments here constituted reversible error.

The judgment is reversed and the cause remanded for a new trial.

WELLIVER, BILLINGS and DONNELLY, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

RENDLEN, C.J., and GUNN, J., dissent and concur in separate dissenting opinion of BLACKMAR, J.

BLACKMAR, J., dissenting.

The trial judge's remarks are improper, under the standard of *State v. Cross*, 594 S.W.2d 609 (Mo. banc 1980), but I am totally unable to see how his words could possibly indicate that he anticipated or expected a verdict of guilty, or how there was any prejudice. The jury should not be surprised at the judge's indication that he would comply with the standards set by the appellate courts.

Although the cases present substantive factual issues, I cannot see how the remarks make verdicts of guilty more likely. No other reversible error appears and I would affirm the judgments of conviction.